N. KLEIN *v.* E. A. COON AND HUSBAND.

The writ of injunction may be granted in all cases when it is necessary to prevent one of the parties to the suit from doing an act injurious to the other party, and for which an action will lie. C. P. 303. Therefore, in an action to annul a judgment, obtained by the wife against her husband, on the ground that it was obtained by fraud and collusion, an injunction will lie to restrain the wife from executing her judgment.

An affidavit " that all the facts and allegations in the foregoing petition are true, and those stated to be derived from the information of others, he believes to be true," is sufficient to authorize an injunction.

APPEAL from the District Court of Ouachita, *R. W. Richardson*, J. *Garrett*, for plaintiff and appellant. *Morrison*, for defendant.

BUCHANAN, J. This is an action in nullity of a judgment obtained by a married woman against her husband. The grounds of nullity alleged are fraud, collusion, insolvency, &c. Simultaneously with the citation, the plaintiff sued out a writ of injunction to prohibit the defendant from proceeding in the execution of the judgment sought to be annulled, until the further order of the Court.

The defendant excepted to this action, and moved to dissolve the injunction on the grounds :

1st. That the law does not authorize an injunction in such a case.

KLEIN
*v.*
COON.

2d. That the allegations of the petition do not warrant an injunction, there being no injury shown.

3d. That the affidavit for injunction is insufficient.

The first and second objections may be considered together.

The scope and operation of the conservatory writ of injunction are very extensive, under article 303 of the Code of practice. That writ may be granted in all cases when it is necessary to prevent one of the parties to the suit from doing an act injurious to the other party, and for which an action will lie.

If this case were nothing more than a third opposition, claiming a priority or preference upon the proceeds of property seized, undoubtedly the remedy of injunction would be misapplied. But the prayer of the petition is that the judgment, which is the foundation of the execution, be annulled, and that the execution be quashed. Nothing is more frequent in actions of nullity than the conservatory process of injunction, and in no case is it more appropriate. It retains things *in statu quo*, pending the decision of the issue, and prevents the interest of third persons from being compromised.

As to the third ground of exception, and of the motion to dissolve: The affidavit is in the following words: "*Nicholas Klein* makes oath that all the facts and allegations in the foregoing petition are true, and those stated to be derived from the information of others, he believes to be true." This affidavit is identical in form with that in the case of *Livingston* v. *Dick*, 1st An. 323, which was held to be sufficient.

It is therefore adjudged and decreed that the judgment of the District Court be reversed; that the exceptions and motion to dissolve injunction be overruled; and the cause remanded for further proceedings—the defendant and appellant to pay costs of appeal.