ELIZABETH MORRIS et al. *v.* N. E. BAILEY, Executor.

A decree rendered by the Vice Chancery Court of Mississippi, upon default, and without notice or citation, or appearance of the defendant, is absolutely void.

APPEAL from the Second District Court of New Orleans, *Morgan,* J. *John Henderson,* for plaintiffs and appellants. *Benjamin, Bradford & Finney,* for defendant.

LAND, J. This suit is founded on a decree, by the Vice Chancery Court for

the Southern District of Mississippi, against *Joseph Kenton*, the testator of the defendant.

The decree was rendered on a cross-bill filed by the plaintiffs against *Kenton*, the complainant in the original bill, in the chancery 'proceedings.

The defence is, that the decree is null and void, because it was rendered by default, without notice or citation to *Kenton*, and further, that the deceased, in his lifetime, was sued by the plaintiffs in this State, for the same cause of action on which the decree in the Vice Chancery Court of Mississippi was rendered, and that, on appeal to the Supreme Court of this State, a final judgment was rendered in favor of *Kenton*, and that the same forms *res judicata*, and is a bar to this action.

Two gentlemen of the legal profession who formerly practiced in the State of Mississippi, were examined as witnesses on the trial of this case, and testified, that under the rules of chancery practice in that State, *Kenton*, the complainant in the original bill, was entitled to notice of the cross-bill on which the decree was rendered in favor of the defendants, who are now plaintiffs in this suit. The correctness of their opinion has been denied in argument, and as the rules of chancery practice, as adopted and modified by statute in that State, are not familiar to the members of this court, the opinion of Mr. Chief Justice Smith, of the High Court of Errors and Appeals of the State of Mississippi, has been obtained on the question.

In reply, Chief Justice Smith says : " You state that the complainant's bill was dismissed, and a decree against him was rendered on a cross-bill filed by two of the defendants (in the original bill) separate and apart from the answer in which all of the defendants had joined. No service of the cross-bill or notice thereof was given to the complainant, but the Vice Chancellor ordered " that the complainant answer the cross-bill filed within sixty days, or that the same be taken as confessed."

" If the answer had been made a cross-bill (as it might have been done under our statute), the complainant would not have been entitled to notice by process or otherwise, of the filing of the cross-bill. In such a case, the complainant would be bound to know, that an answer, which was also a cross-bill, was filed : and hence, the court having jurisdiction of the person of the complainant, it would be competent for it to render a decree against him."

" In the case stated in your letter, the complainant was doubtless entitled to legal notice of the filing of the cross-bill ; and consequently, the decree was irregular and erroneous, and clearly reversible."

" But whether it is absolutely void or not, is not so clear. My own opinion, which, however, I have formed without much reflection, is, that it is not simply erroneous, but absolutely void. The complainant in the original bill was entitled to legal notice (by process or publication,) of the demands set up in the cross-bill. Without such notice, it appears to me that the court, in reference to the matters alleged in the cross-bill, would not have jurisdiction of the person of the complainant. If so, no valid decree could be rendered against him. In such a case, the question of jurisdiction depends upon the fact of notice ; and there is here no legal presumption, that the complainant had notice of the filing of the cross-bill."

We take the rule of chancery practice in the State of Mississippi to be correctly stated by the witnesses examined in this case; and also concur in the opinion expressed by Mr. Chief Justice Smith, that the decree on the cross-bill, without

MORRIS
*v.*
BAILEY.

notice to the complainant, is absolutely void in the State of Mississippi, where it was rendered. Such is our own law, and a judgment rendered in this State, *in personam*, would be void without citation, or appearance by the defendant.

It is, therefore, ordered, adjudged and decreed, that the judgment be affirmed, with costs.

BUCHANAN, J., took no part in this case.