Morrison vs. Lynch.

---

## No. 9175.

### ALEXANDER MORRISON vs. JAMES A. LYNCH.

A rule on the clerk of the lower court, to compel him to complete a transcript of appeal charged as deficient, in not containing oral and documentary evidence admitted, will not be entertained by this Court, where the charge of deficiency is disputed and an issue of facts is raised.

The determination of the issue appertains to the lower court which has jurisdiction over the case for the purpose of having a proper transcript made and transmitted to this Court.   33 A. 422, affirmed.

Transcripts incomplete by the fault of the appellant will justify a dismissal of the appeal.   35 A. 878, affirmed.

Under the disposition already made of the rule taken herein, the ⸝present motion to dismiss on ground of defectiveness of record is premature

In presence of complete certificate of the clerk, the other grounds set up must fail.

In the absence of a motion therefor, the Court will not dismiss an appeal, although the transcript is defective, by the fault of the appellant, where it contains sufficient evidence to enable the Court to pass upon the case, without injury to appellee.

The notice of a transfer of credit served on the attorney or counsel of the alleged debtor, is
insufficient to bind the creditors of the transferrer. A seizure of such credit, notwith-
standing such notice, will be maintained.

APPEAL from the Civil District Court for the Parish of Orleans Rightor, J.

*Sambola & Ducros* for Plaintiff and Appellee.

*T. M. Gill, contra.*

The opinion of the Court was delivered by

BERMUDEZ, C. J.    This is a rule by the appellee on the clerk of the district court, to show cause why he should not include in the transcript oral and documentary evidence, introduced on the trial of the case and which have not been copied into the transcript.

The clerk answers that the transcript contains all the proceedings had, documents filed, testimony and evidence adduced on the trial; that, if the evidence called for was adduced, it is not of record in his office; that there is no note of evidence or documents on file, which show that such evidence was introduced; that his certificate, attached to the transcript, is, therefore, full and complete.

In support of the rule, a certificate from the district judge is submitted to show that both oral and written evidence was offered and admitted, which does not appear in the transcript of appeal, the certificate whereof is *untrue.*

Cognizance of a proceeding of this sort, which involves the determination of matters of fact, does not appertain primarily to this Court, but to the court *a quá* which has authority to inquire into and pass upon the issues presented.

It is a practice of long standing in this Court, authorized by law, C. P. 898, 899 and 900, to issue an order, in the nature of a *certiorari*, to the clerk of the lower court, to direct him to complete a transcript, represented as defective; but this is done where no dispute as to facts arises.    5 M. 668; 9 M. 185.

When it is doubtful, whether all the evidence received below has been put of record, the matter falls within the jurisdiction of the lower court to ascertain, and, where circumstances justify, to have its clerk to do his duty by perfecting the transcript of appeal.    3 L. 455, 296.

In the recent case of State ex rel. Cass, 33 A. 422, this Court held that, although the jurisdiction of the lower court abates, the moment that the order of appeal is made and the bond under it furnished, the power of that court, over its clerk, does not cease to have him to per-

form the duties imposed upon him, for the confection of a transcript of appeal. 14 Cal. 640. The lower court, when called upon, is bound to see that such transcript be made according to legal requirements, for, this Court can exercise its jurisdiction only in so far as it shall have knowledge of the matters argued and contested below. C. P. 895; 13 L. 182; 5 A. 602; 13 A. 479; 15 A. 63; 18 A. 146, 729; 21 A. 135; 23 A. 28; 25 A. 216.

It would be doing a vain thing for this Court to make the order asked, without proof before it, directing the clerk to transcribe into the transcript oral and documentary evidence, which, he says, is not of record, even if such was received.

Where oral testimony is heard, either party may require the clerk to take it down in writing, which shall serve as a statement of facts, if the parties should not agree to one. C. P. 601. Where documents are introduced in evidence, a note of them is usually taken by the clerk, to serve as a guide in the determination of the cause and in the making of the transcript, in case of appeal.

Where the testimony was not reduced to writing and the documentary evidence noted, and an appeal is taken, a statement of facts becomes necessary, which must be prepared before the appeal is asked, in pursuance of the prescribed rules. C. P. 602, 603.

Because one of the parties has not caused his oral testimony to be taken down and his written evidence noted, it does not follow that in the event of an appeal by his adversary, he should be deprived of it and placed at the mercy of his opponent. The appellant should, in such a case, have a statement of facts seasonably made as the law directs. A failure on his part in that respect, may imperil his right to a prosecution of his appeal, as this Court has jurisdiction to dismiss appeals when the transcript brought up by the appellant is defective by a fault imputable to him. 35 A. 818; 19 A. 292; 16 L. 251; 1 R. 100, 133; 5 R. 152; 7 A. 442; C. P. 601, 602, 898.

It is, therefore, ordered that the rule herein taken by the appellee for the completion of the transcript of appeal be dismissed with costs, without prejudice to the right of appellee to take proper steps in the lower court for such completion and to bring up for review, should need be, the action of the court thereon, or to move for a dismissal of the appeal, if any right he have, for deficiencies, if any, imputable to the appellant.

## On Motion to Dismiss.

FENNER, J. The motion is on the grounds that the record is incomplete by the fault of appellant and that there is no bill of exceptions, statement of facts or assignment of errors.

The certificate of the clerk accompanying the record is complete in every particular.

A rule has heretofore been taken upon the clerk by the appellee to show cause why his certificate should not be corrected so as to show the deficiencies in the record. For the reasons given in our opinion then rendered, we dismissed the rule "without prejudice to the right of appellee to take proper steps in the lower court for such completion and to bring up for review, should need be, the action of the court thereon," etc.

No action has been taken under this order and the motion to dismiss, as at present submitted, is obviously premature.

Since the foregoing opinion was adopted, a supplemental transcript has been filed showing action taken in the lower court under our decision on the rule referred to in the beginning of this opinion. This does not affect our conclusion that the present motion to dismiss on that ground is premature. The motion must stand on the condition existing at the time when it was submitted.

So far as the absence of exception, statement of facts or assignment of errors is concerned, that furnishes no right to dismissal of appeal when the clerk's certificate is complete, as we have recently held, after a careful review of the authorities, *in re* Fazende for Monition, 35 A.

The motion to dismiss is, therefore, denied, without prejudice.

## On the Merits.

BERMUDEZ, C. J. This is an appeal from a judgment dissolving, with damages, an injunction obtained by a third opponent arresting the sale of a litigious claim, seized as belonging to the defendant, but which the former pretends to own under a valid transfer duly notified to the debtor before seizure.

The appellee first moved in this Court for the dismissal of the appeal on the ground of material deficiencies in the transcript, imputable to the appellant.

He next sought to have the clerk's certificate corrected, which he charged with incorrectness.

Both motions were dismissed—the first because premature, the second because of want of jurisdiction in this Court to hear evidence in support of the charge.

Morrison vs. Lynch.

The appellee has since taken steps in the lower court to show that the clerk's certificate is erroneous in this: that it attests that the transcript contains *all* the testimony and evidence adduced on the trial of the case, when the truth is that it contains only part of such testimony and evidence. From the action of the district judge contradictorily taken and now before us, it clearly appears that the transcript does not contain *all* the testimony and evidence adduced on the trial; but from that circumstance it does not follow that the clerk's certificate is absolutely untrue.

The oral testimony and documentary evidence received was not taken in writing and filed. No note of evidence was prepared by the clerk. The parties were not bound to have the testimony written down, or perhaps, the documents formally filed, or a note of evidence made by the clerk. This officer was not bound to do either of those three things, unless directed by either of the litigants and he had no right to include in the transcript his recollection of what the testimony was, or documents not filed, or a memorandum of what either or both were. His certificate is in the usual printed form, stereotyped for greater security, and was designed to mean simply that the transcript contains all the testimony and evidence adduced, which was written down and filed and which he had a right to transcribe for transmission to this Court. The clerk must not, however, issue such a certificate, unless *all* the evidence adduced is actually transcribed in the transcript.

It is to be remarked that the transcript contains no statement of facts. It was the duty of the appellant, under the circumstances and the law, to have caused one to be prepared at the time and in the manner prescribed by the Code of Practice, 602, 603. His failure to have done so, as was already observed in this very case, cannot prejudice the appellee, who appears to have done everything in his power, since the appeal was allowed, to have the transcript completed. The incompleteness is evidently attributable to the appellant, who might be made to stand the consequences of his dereliction.

This irregularity might have justified a dismissal of the appeal had the motion to dismiss been renewed, or perhaps, authorized an affirmance outright of the judgment without an investigation of the merits, on the presumption that the district judge had sufficient evidence before him to justify his conclusions; but we think it is better to dispose of the controversy, inasmuch as the transcript, however defective it be, enables us to review the judgment complained of and to do justice to

the litigants, without injury to the appellee, on the record as brought up by the appellant himself.

As stated, the thing seized in execution of the money judgment is a litigious claim, of which the third opponent asserts himself to be the owner.

The record shows that the attorney of Lynch, the defendant, on May 17, 1883, notified the Morgan's Louisiana and Texas Railroad and Steamship Company, against whom he had brought suit in Lynch's name, that all his right, title and interest in and to that claim had been transferred over to Burgess (the third opponent herein) as per entry on the records of the case. It also appears that notice was served on the same day on the attorney or counsel of the company, and that half an hour later the notice of seizure of Lynch's interest by the sheriff in the suit was served on the president of the company in person. Nothing shows that at that moment that functionary had knowledge of the transfer.

The law is positive that the transferee of a credit, right or claim against another, acquires the same as to third parties, *only* where notice has been actually given of the transfer to the *debtor*, and that until such notice has been legally given, the claim, however truly designed by the parties to be transferred, is liable to seizure by the creditors of the transferrer.

It is likewise to the effect that such notice must be given to the *debtor*, and that knowledge of the transfer, however conveyed, in the debtor's attorney is not sufficient notice against the creditors. R. C. C. 2643 (2613); 20 A. 284; 5 A. 551; 7 A. 620; 2 L. 425; 14 A. 689; 3 A. 523; 9 A. 226.

The district judge has assigned no reasons in writing in support of his finding. The consideration of absence of valid notice of transfer is enough to justify his conclusion.

Judgment affirmed.

Rehearing refused.