(66 South. 318)

No. 20149.

XETER REALTY, Limited, v. SAMORINI et al.

(Oct. 19, 1914.)

*(Syllabus by the Court.)*

1. TAXATION (§ 809*)—QUIETING TAX TITLE— DEED EXHIBITED.

Where a plaintiff, in a suit brought under Act No. 101 of 1898, seeks to confirm title to a lot in one square by exhibiting an auditor's deed to a lot, of different dimensions and differ-

ently situated, in another square, the confirmation is properly denied.

[Ed. Note.—For other cases, see Taxation, Cent. Dig. §§ 1385, 1600–1604; Dec. Dig. § 809.*]

2. NAMES (§ 16*)—IDEM SONANS.

Title will not be confirmed against John Buhler, when John Butler is cited, through a curator ad hoc, as the former owner.

[Ed. Note.—For other cases, see Names, Cent. Dig. §§ 4, 12–14; Dec. Dig. § 16.*]

Appeal from Civil District Court, Parish of Orleans; Porter Parker, Judge.

Action by Xeter Realty, Limited, against Mrs. Pierre Samorini, Baptiste Valentin, and others. From judgment for defendants, plaintiff appeals. Amended and affirmed.

Wm. Winans Wall, of New Orleans, for appellant. T. Semmes Walmsley, of New Orleans, for appellees.

### Statement of the Case.

MONROE, C. J. Plaintiff brought this suit, under Act 101 of 1898, to confirm title to six lots of ground, and obtained judgment, as prayed for, as to five of them. It has appealed from the judgment dismissing, as in case of nonsuit, its demand as to the other, and the curator appointed to represent the former owners has answered the appeal, praying that the judgment be reversed as to the five lots.

### Opinion.

[1] The lot with respect to which plaintiff's demand for confirmation of title was dismissed was acquired by it by purchase from the state auditor, who made the sale on December 6, 1905, under Acts 80 of 1888 and 126 of 1896. His deed describes the lot as situated in the Fifth district of New Orleans and as being lot 1, in square 110, bounded by Market, Le Boeuf, Canal, and Eveline streets, measuring 30 feet front on Market street by 123 feet in depth, and forming the corner of Market and Le Boeuf streets; and it contains the recital that it was adjudicated to the state, on February 19, 1885, as the property of "B. Valentine," for unpaid taxes of 1882, and that it had previously been offered for sale, under Act 80 of 1888, and had failed to sell. It is shown that, on December 19, 1870, Mrs. Elmire Verret, wife of Martial Le Boeuf, and Mrs. Elodie Verret, wife of L. Leon Bernard, sold to—

"Valentin Baptiste a certain lot of ground, together with all the rights, * * * situate * * * in the parish of Orleans, right bank of the River Mississippi, making part of the property known as 'Verret's Plantation,' in the half square bounded by Eveline, Le Boeuf, and Market streets and the line which divides said Verret's plantation from the property belonging to the heirs of Oscar Robelot. The said lot of ground beginning at a distance of 60 feet from the corner of Eveline street and measuring 153 feet, more or less, in depth, from said Le Boeuf street to the line of the property of the heirs of O. Robelot."

The only additional light upon the subject comes from the testimony of plaintiff's counsel, and is not particularly illuminating. He says:

"I have examined an abstract of the square of ground in which Baptiste Valentin or Valentin Baptiste's property is situated; and I found that the only property owned by Valentin Baptiste or Baptiste Valentin is that described in the sale by Bernard to Valentin Baptiste or Baptiste Valentin heretofore offered in evidence."

But "the half square bounded by Eveline, Le Boeuf, and Market streets, and the line which divides said Verret's plantation from the property belonging to the heirs of Oscar Robelot," does not appear to be the "square No. 110, bounded by Market, Le Boeuf, Canal, and Eveline streets"; nor does a lot "beginning at a distance of 60 feet from the corner of Eveline street and measuring 153 feet, more or less, in depth, from said Le Boeuf street, to the line of the property of the heirs of Robelot," at all identify a lot measuring, "30 feet front on Market street, by 123 feet in depth, forming the corner of Market street and Le Boeuf street." As we take it, Canal street, as given in one description, and "the line of the property of the heirs of Robelot"

as given in the other, are different boundaries, running parallel with each other but separated by two squares, with Le Boeuf street, running between them on a line parellel to the said boundaries, and, according to the descriptions, Valentin acquired a lot, in one of the squares, which plaintiff is now claiming under a title which calls for a lot in the other square, of different dimensions and differently situated; though, for aught that appears, the lot that it acquired may be there, awaiting an owner.

[2] The curator ad hoc filed a general denial in the district court, and, in his answer to the appeal, he has not been more explicit, merely complaining that the judgment appealed, in so far as it is in favor of plaintiff, is contrary to law and the evidence. In his brief he calls attention to a discrepancy in the name of a former owner of one of the lots, as it appears in plaintiff's petition for confirmation and in the auditor's deed which plaintiff exhibits. The point is made rather late, but we think it is well taken. Plaintiff asked that the title be confirmed as against John Butler, whereas his evidence shows that the former owner of the lot was John Buhler, and the citation to John Butler does not bring John Buhler into court.

It is therefore ordered that the judgment appealed from be amended in so far as that plaintiff's demand for confirmation of title to "one certain lot of ground, in McDonoughville, designated as lot No. 12, of square No. 19, bounded by Monroe (now Teche), Madison (now Brooklyn), Decatur (now Diana), and De Armas streets," referred to in the petition as having been adjudicated to the state for taxes assessed in the name of John Butler, be dismissed as in case of nonsuit.

It is further ordered and decreed that, as thus amended, said judgment be affirmed, at the cost of the plaintiff.