No. 2168

Second Circuit

---

ANTOON, ET AL., v. WILKINSON

---

(April 8, 1927. Opinion and Decree.)

---

(*Syllabus by the Court*)

1. **Louisiana Digest—Taxation—Par. 283**

Notice of delinquency as to taxes, as to a dead man, unless served on his heirs or legal representatives, is irregular and produces no legal effect.

Railroad Co. vs. Guimbelato, 145 La. 18, 81 South. 740.

2. **Louisiana Digest—Taxation—Par. 276, 281.**

The notice required by the Constitution to be served on the delinquent tax debtor in the manner required by law is an essential condition to the validity of a tax sale.

Land Development Co., 12 Orl. App. 147.

Wilkerson vs. Wyche, 158 La. 598, 104 South. 381.

3. **Louisiana Digest—Taxation—Par. 373.**

A suit to confirm a tax title, served on Arvella Romaine, does not have the effect of confirming a tax title to property sold for taxes assessed to Romain Abdella.

Xeter Realty Co. vs. Samorini, 135 La. 976, 66 South. 318.

4. **Louisiana Digest—Taxation—Par. 281, 330, 331.**

Lot 15, Block 21, Fairfield Heights Subdivision to the City of Shreveport, Caddo Parish, Louisiana, belonged to Romain Abdella, who died April 28, 1918. The property was assessed to him on the tax rolls for the year 1919, and sold for the unpaid taxes on July 30, 1920. The sale was null and void for lack of legal notice of delinquency and other infirmities.

Railroad Co. vs. Guimbelato, 145 La. 18, 81 South. 740.

Edwards vs. Whited, 29 La. Ann. 647.

Sanders vs. Schilling, 123 La. 1009, 49 South. 689.

Appeal from the First Judicial District Court of Louisiana, Parish of Caddo. Hon. E. P. Mills, Judge.

Action by Mrs. Josephine Antoon, et al., against J. V. Wilkinson.

There was judgment for plaintiff and defendant appealed.

Judgment affirmed.

Foster, Looney, Wilkinson & Smith, of Shreveport, attorneys for plaintiff, appellee.

Wilkinson, Lewis & Wilkinson, and W. H. Scheen, of Shreveport, attorneys for defendant, appellant.

## STATEMENT OF THE CASE

REYNOLDS, J.  This is a suit by Mrs. Josephine Abdella Antoon, individually and as guardian of the minor, Albert Abdella, issue of her marriage with Romain Abdella, deceased, commenced May 28, 1923, against J. V. Wilkinson to have declared null and void and cancelled as a cloud upon their title to Lot 15 of Block 21 of Fairfield Heights Subdivision, Caddo Parish, Louisiana, part of the village of South Highlands, a certain tax sale.

The property was sold by the tax collector of the village of South Highlands, Louisiana, to J. W. Martin for unpaid taxes of that village for the year 1919 assessed to Romain Abdella. The sale was made on July 30, 1920, and the tax deed is recorded in Book 123 at page 707 of the conveyance records of Caddo Parish.

By act dated January 16, 1923, recorded in Book 178, page 313, of said records, J. W. Martin transferred the property to the defendant, J. V. Wilkinson.

As grounds of nullity it is alleged that Romain Abdella, the owner of the property, was dead at the time of the assessment of it to him for taxes of 1919, and that legal notice of the taxes being delinquent was not given to his widow in community or sole heir.

The defense is that by judgment of the District Court of Caddo Parish dated December 16, 1922, in an action by J. W. Martin against Abdella Romaine, the tax title was duly confirmed.

Defendant also pleads the prescription of Article 233 of the Constitutions of 1898 and 1913 and of Article 10, Section 11, of the Constitution of 1921.

On these issues the case was tried and there was judgment in favor of plaintiffs and defendant appealed.

## OPINION

The evidence shows that Romaine Abdella, who owned the property in controversy and to whom it was assessed on the tax rolls for the year 1919, died April 28, 1918. It was sold for the taxes so assessed July 30, 1920.

It is manifest that an assessment and sale for taxes under such conditions is null and void.

Counsel for defendant in brief does not rely on the validity of the assessment and sale to sustain the tax title but contends that any defects in the proceeds were cured by Articles 233 of the Constitutions of 1898 and 1913; and he cites numerous authorities in support of that contention. This contention finds no support in the record. The sale for taxes was made on July 30, 1920, and this suit to annul that sale was commenced by service of citation on May 28, 1923, less than three years from the date of the sale.

Defendant also contends that any defects in the tax proceedings were cured by the failure of plaintiffs to bring suit within six months after notice to have the tax sale annulled; and this contention also is supported by citation of authorities.

In the suit to confirm the tax title the tax debtor was described as "Arvella Romaine", and he was cited as "Ardella Romain" through Edward Barnette as curator ad hoc.

But Romain Abdella, even if alive, could not· be brought into court, as "Ardella Romain" through a curator ad hoc in a suit wherein he is described as "Arvella Romaine"; and as he was dead the proceeding was a nullity, also for this reason.

The suit should have been against his widow and heirs.

It was so held in Land Development Co., 12 Orl. App., supra.

It therefore follows that the tax deed relied on by defendant is illegal, null and void, and that defendant is not protected by the prescription of Section 233 of the Constitutions of 1898 and 1913.

For the reasons assigned, the judgment appealed from is affirmed.