No. 2631

Second Circuit

ROBINSON v. ENLOE

(April 5, 1929. Opinion and Decree.)

R. L. Williams, of Arcadia, attorney for plaintiff, appellee.

J. Rush Wimberly, of Arcadia, attorney for defendant, appellant.

ODOM, J. In the suit styled Harry E. Enloe vs. Dewitt T. Robinson, there was judgment for plaintiff against defendant by default. The plaintiff alleged that defendant was a resident of Bienville Parish, Louisiana, and citation was addressed to him accordingly. The Sheriff made domiciliary service, his returns reading as follows:

"DOMICILIARY SERVICE
"Received on the 8th day of June in the year 1925, and on the 9th day of June in the year 1925, I served a copy of the within Citation and of the petition accompanying the same by personal service on Dewitt T. Robinson, the defendant herein named, by leaving the same at his domicile, at the place where he has always lived, his old home place, he being a single man, in the Parish of Bienville, State of Louisiana, in the hands of Homer Robinson, a person apparently over the age of 14 years, living and residing in said domicile, whose name and the other facts connected with this service I learned by interrogating the said ------------------------------- ------------------------------------, the said Dewitt T. Robinson being temporarily absent from his domicile at the time of said service.
(Signed) N. C. Hall,
Deputy Sheriff."

The defendant, Dewitt T. Robinson, brought his suit to annul said judgment on the ground, among others, that he had been condemned by default without having been legally cited. The District Judge annulled and set aside the judgment; and Enloe appealed.

OPINION

The judgment is correct; Robinson was not legally cited. The Sheriff's returns show that.

Paragraph 9, Sec. 1 of Act 179 of 1918, page 334, provides that process addressed to an individual may be made at the domicile of such person, even though said person should be absent or conceal himself, "by leaving the same in the hands of any person above the age of sixteen years residing on the premises, and the Sheriff or Constable before making such domicile service shall ascertain these facts from the person upon whom the service is made."

The Sheriff's returns show that the citation and copy of the petition were left in the hands of Homer Robinson, "over the age of fourteen years." That was not a compliance with the statute which provides that the Sheriff, in case the defendant be absent, shall make service "by leaving same in the hands of any person above the age of sixteen years." Not only that, but the Act further provides that "the Sheriff or Constable before making such domicile service shall ascertain these facts (that is that defendant resides on the premises and is temporarily absent, etc.) from the person upon whom the service is made." The Sheriff, according to his returns, made the service on Homer Robinson, but the returns do not show that he ascertained the essential facts from him.

The defendant in the suit of Enloe vs. Robinson did not appear and answer, but was condemned by default.

When a defendant fails to appear and suffers default to be entered against him, issue is joined tacitly. (C. P., Art. 360.)

"The joining of issue is in fact the foundation of the suit, as citation is that of the action."
C. P. Art. 359.

There can be no issue joined without citation. No valid judgment can be rendered against a person until he has been legally cited.

Cole vs. Hocha, 21 La. Ann. 613; Conery

vs. Rotchford, Brown & Co., 30 La. Ann. 692.

The return of the Sheriff on a citation served at the domicile of the defendant must show that the citation and copy of the petition were served on a person of lawful age.

Cole vs. Hocha, supra; See Lehmann, Stern & Co. vs. Broussard et al., 45 La. Ann. 346, 12 So. 504.

Where a Sheriff's returns on a citation are irregular and void, the judgment rendered to confirm a default is a nullity.

Adams & Co. vs. Basile, 35 La. Ann. 101; Hobson et al. vs. Peake, 44 La. Ann. 383, 10 So. 762.

Where issue has not been joined by answer or legal default, the judgment rendered is null.

Chopin vs. Freeman, Tax Collector, 145 La. 972, 83 So. 210; C. P., Art. 606;; Walworth vs. Stevenson, 24 La. Ann. 251; Morris vs. Bailey, 15 La. Ann. 2; Jacobs et al. vs. Frere, Executor, 28 La. Ann. 625.

The judgment sought to be annulled was rendered on default in a case where the citation, according to the Sheriff's returns, was illegal. It was properly set aside by the lower court.

For the reasons assigned, the judgment of the District Court is affirmed, with costs in both courts.