RICHARDSON v. TRUSTEES' LOAN & GUARANTY CO., INC.

(February 2, 1931. Opinion and Decree.)

·Cobb & Jones, of New Orleans, attorney for plaintiff, appellant.

Irving R. Saal and Raymond Saal, of New Orleans, attorneys for defendant, appellee.

HIGGINS, J. This is an action by John B. Richardson to annul a judgment obtained by the Trustees' Loan & Guaranty Company, Inc., against Joseph B. Richardson in so far as it is sought to be enforced against the plaintiff and to restrain the defendant and constable from proceeding further with the execution of the writ of fieri facias issued on the judgment rendered against Joseph B. Richardson.

The record shows that the Trustees' Loan & Guaranty Company, Inc., sued Joseph B.

Richardson and obtained a judgment against him by default and then caused to be issued a fi. fa. and seized certain property belonging to John B. Richardson, who made proper affidavit, claiming ownership of the property seized, furnished bond, and caused the property to be released to him.

The Trustees' Loan & Guaranty Company then filed a motion alleging that Joseph B. Richardson and John B. Richardson were one and the same party, and as a matter of fact that John B. Richardson had been served through domiciliary service, although the citation and the constable's return were in the name of Joseph B. Richardson, and that John B. Richardson was estopped from denying that he was the party served with citation, and therefore the seizure was legal and should be maintained and the property sold.

John B. Richardson answered this rule alleging that he had never been made a party to the suit; that the court was without jurisdiction; that the rule disclosed no cause of action; and that the procedure was unauthorized and was an attempt to alter a judgment by a method neither provided for nor authorized by law.

There was judgment making the rule absolute, from which John B. Richardson appealed.

The testimony adduced on the trial of the rule was not reduced to writing, and this court ex proprio motu dismissed the appeal because the transcript did not contain the evidence upon which the rule was tried and judgment rendered. Trustees Loan & Guaranty Co., Inc., v. Richardson, 9 La. App. 54, 118 So. 837.

John B. Richardson then instituted the present action of nullity on the following grounds:

First, that the citation was not addressed to John B. Richardson, but to Joseph B. Richardson.

Second, that the return of the constable shows that the citation was served upon a servant at the residence of Joseph B. Richardson, who neither, at the time the service was made, nor at any other time, was residing and living at the plaintiff's domicile.

The Trustees' Loan & Guaranty Company filed an exception of res judicata which was maintained, and the plaintiff, John B. Richardson, appealed to this court, where the judgment of the lower court was reversed and the case remanded for further proceedings according to law. Richardson v. Trustees Loan & Guaranty Co., Inc., et al., 10 La. App. 363, 120 So. 890.

When the case was called for argument in this court, counsel for the defendant, Trustees' Company, suggested that the appeal should be dismissed ex proprio motu because the transcript failed to contain the affidavit and bond of John B. Richardson, claiming ownership of the property seized under the writ of fieri facias and the decree and judgment on the rule which has been taken by the Trustees' Company to have it declared that John B. Richardson and Joseph B. Richardson were one and the same party, and that the citation and seizure were legal and should be maintained.

The record on this issue showed that, on the trial of the present suit of nullity, counsel for John B. Richardson offered in evidence the petition, citation, and judgment of the court in the original suit to show that the proceeding was one against Joseph B. Richardson and not John B. Richardson. Counsel for the Trustees' Company objected to the introduction of

these documents unless the entire record was offered in evidence, which objection was sustained by the lower court. Counsel for John B. Richardson then offered the entire record of the original suit.

It was our opinion that, the original record having been offered for a certain purpose in the nullity proceeding, the fact that some documents were missing from the original record would not be a sufficient cause for the dismissal of the appeal, but merely affect its weight as evidence for the purpose for which it had been offered.

We refuse to dismiss the appeal ex proprio motu because the transcript showed that it contained all of the evidence and proceedings in the nullity suit, and that the transcript in this case was therefore complete.

It is noted that the appellee did not file a motion within three days prior to the day set for argument as required by law, to have the appeal dismissed, and that was the reason why the suggestion was made that we dismiss the appeal ex proprio motu.

It appears that under the provisions of Article 898 of the Code of Practice that, if these particular documents were indispensable to the issue presented in the present case, we would have the right to give the appellant an opportunity to have the record completed.

It is not shown that the missing documents are essential to the question at issue, and that appellee's rights will be prejudiced by their non-production. Counsel for appellee does not request that we afford an opportunity so that these documents can be produced, but merely suggest that we dismiss the appeal. We would be inclined to grant time within which these documents could be produced, but, since neither appellant nor appellee asks that this be done, we shall not do so. For these reasons we decline to dismiss the appeal ex proprio motu.

The appellee has filed in this court a plea of res judicata on the ground that in the petition for rehearing, from the original judgment of this court dismissing the appeal ex proprio motu because the transcript was incomplete, it was alleged that the record showed on its face that the judgment was null as against John B. Richardson because the suit was against Joseph B. Richardson, and citation addressed to Joseph B. Richardson and the return of the constable's domiciliary service showed same as having been made upon him. As pointed out in our former judgment overruling the plea of res judicata, the issue presented at that time was the validity vel non of the seizure of the property of John B. Richardson, and not the validity vel non of the judgment against Joseph B. Richardson.

It is our opinion that the present plea of res judicata is practically the same as the plea of res judicata which was overruled by this court when the case was here before, and, therefore, the plea is overruled.

The rule of law is well established that proper citation is the foundation of the action, and that it is fundamental that no valid judgment can be rendered in any case unless the defendant has been informed of the suit against him by citation properly addressed to him in strict compliance with the law. Bertoulin v. Bourgoin, 19 La. Ann. 360; Jacobs v. Frere, 28 La. Ann. 625; Antoon v. Wilkinson, 6 La. App. 242; Babin v. Lyons Lumber Co., 132 La. 873, 61 So. 855; McDonald v. Vaughan, 13 La. Ann. 405; Xeter Realty Co. v. Samorini, 135 La. 976, 66 So. 318; Bowen v. Mulford,

5 Halsted (10 N. J. Law) 230; Southern Pacific v. Block, 84 Tex. 21, 19 S. W. 300.

But the defendant contends that the plaintiff was the party intended to be sued, and that the citation addressed to Joseph B. Richardson was sufficient to bring the plaintiff into court for the purpose of rendering a judgment against him.

The evidence on this issue shows that John B. Richardson signed a note with other co-makers, signing his name J. B. Richardson; that the note was not paid; that information obtained from a credit bureau by counsel for the Trustees' Loan & Guaranty Company showed that Richardson's name was Joseph B. Richardson; that upon receipt of a letter from counsel for the Trustees' Company addressed to Joseph B. Richardson, John B. Richardson called at his office for the purpose of discussing the contents of the letter, which concerned the note upon which Joseph B. Richardson was subsequently sued, and that Joseph B. Richardson and John B. Richardson were one and the same party.

We do not find that the attorney for the Trustees' Company was misled by any statement or action on the part of John B. Richardson in believing that J. B. Richardson, the party who signed the note, represented Joseph B. Richardson, and not John B. Richardson, because the information upon which the original letter was written was obtained from the credit bureau.

Again, when the constable notified the attorney for the Trustees' Company that the parties at the address he was furnished for the purpose of serving citation claimed that John B. Richardson and not Joseph B. Richardson lived there, he was told to serve the citation as originally instructed.

Under these circumstances we do not believe that John B. Richardson has so conducted himself to justify us in holding that he had acquired the alias of Joseph B. Richardson in this matter or was estopped to deny that the citation was legal.

Even if it be conceded that John B. Richardson had placed himself in a position by his conduct and actions to justify us in holding that he had acquired the alias of Joseph B. Richardson for the purpose of service of citation in the transaction, nevertheless the evidence clearly shows that the citation was served upon a servant, who did not live at the domicile of John B. Richardson. Such a service was not in compliance with paragraph 9, section 1, of Act No. 179 of 1918 which provides that citations addressed to an individual may be served at his domicile by leaving the citation and a copy of the petition in the hands of a person above the age of sixteen years, residing on the premises. The law is well settled that the service upon one not living at the domicile of the defendant is not valid, and no valid judgment can be rendered thereon. Pilie v. Kenner, 16 La. 570; Sparks v. Weatherby, 16 La. 594; Thibodeaux v. Wright, 3 La. Ann. 130; Oakey v. Drummond, 4 La. Ann. 363; Feazel v. Cooper, 15 La. Ann. 462; Cole v. Hocha, 21 La. Ann. 613; Lewis v. Smith, 24 La. Ann. 617; Lehman, Sterm & Co. v. M. A. Broussard et al., 45 La. Ann. 346, 12 So. 504; Rehage v. Hayford, 141 La. 103, 74 So. 711; Robinson v. Enloe, 10 La. App. 435, 121 So. 320; Quinn v. O'Neil, 10 La. App. 121, 121 So. 377.

Finally, in argument at the bar, counsel for appellee contended that the filing of the affidavit claiming ownership and the furnishing of a bond to secure the release of the property seized was such an appearance in the suit by John B. Richardson as to waive the defective citation, and,

therefore, the original judgment was valid as against John B. Richardson.

In this connection we note that, although the petition specifically sets forth the grounds for nullity of the original default judgment, the answer of the defendant, Trustees' Loan Company, does not allege or plead that, if the citation be held to be defective, John B. Richardson has waived his rights by his voluntary appearance in filing the affidavit and bond to secure the release of the property seized.

We have our serious doubts as to the appellee's rights at this time to raise the question only in argument before this court, but, viewing the matter as if the question were properly presented, we do not find that there has been any evidence whatsoever offered by the appellee showing any appearance by John B. Richardson in the original proceeding which would justify us in holding that he had waived the defective citation and had voluntarily submitted himself to the jurisdiction of the court.

It is suggested that the missing affidavit and bond might show such a waiver, but, as we have heretofore stated, a request has been made by neither appellee nor appellant for a reasonable opportunity for the purpose of having these documents placed in the record, and, therefore, we do not deem it necessary to delay the case further for that purpose.

We might add that the filing by John B. Richardson of the affidavit and bond was not voluntary, but forced by the Trustees' Loan Company's action in seizing his property.

In any event there is no evidence, either oral or documentary, in the record offered by the appellee to show that John B. Richardson waived the defective citation by voluntary appearance in the original suit.

An injunction will lie to prevent the execution of a void judgment and the sale of property thereunder. Klein v. Coon, 10 La. Ann. 522; Cavelier v. Turnbull's Heirs, 8 Mart. (O. S.) 61; State v. Sommerville, 112 La. 1091, 36 So. 864; Union Ins. Co. v. Benit, 29 La. Ann. 297; Mulling v. Jones, 142 La. 300, 76 So. 720; Sowell v. Cox, 10 Rob. 68; Gajan v. Patout, 135 La. 156, 65 So. 17; Taft v. Donnes, 105 La. 699, 30 So. 112.

For the reasons assigned, the judgment appealed from is reversed, and it is now ordered that there be judgment in favor of John B. Richardson, plaintiff herein, and against the Trustees' Loan & Guaranty Company, defendant herein, declaring null, void, and of no effect the judgment rendered in the case entitled Trustees' Loan & Guaranty Co. v. Joseph B. Richardson, No. 151,707 of the docket of the First city court of New Orleans, dated December 23, 1927; and with reservation of John B. Richardson's rights to sue for such damages occasioned by the seizure of his property.

It is further ordered, adjudged, and decreed that this case be remanded to the trial court, with instructions to issue a writ of injunction restraining the defendant, Trustees' Loan & Guaranty Co., Inc., and the constable of the First city court in the city of New Orleans, their agents, servants, and employees, from seizing, or attempting to seize, or otherwise proceeding with the sale of the property of John B. Richardson, plaintiff herein, and perpetually enjoining the said defendant, Trustees' Loan & Guaranty Co., Inc., and the said constable, their agents, servants, or employees, from doing any of the things aforesaid.

Defendant, Trustees' Loan & Guaranty Co., Inc., to pay costs of both courts.