LOTTINGER, Judge.
This is a suit for the reduction of an excessive donation. The petition recites that the plaintiff, together with the defendant, are the natural children of one Anna Chainey Dyer; that the decedent was survived by nine natural children, including petitioner and defendant; that at the time of her death, the decedent owned an undivided 4Mo interest in and to a certain tract of land situated in the Parish of East Baton Rouge, together with an undivided Mo interest in and to another tract of land situated in the Parish of East Baton Rouge, together with a 4%o interest in and to certain live stock shown and described in the inventory and ap-praisement filed in the Succession proceedings of the decedent; that the decedent died testate and that her will contained the following donation mortis causa: “Second, I give and bequeath unto my daughter, Maggie Dyer Sullivan, as an extra portion, all of my right, title and interest in and to that tract of land containing approximately 146.5 acres located in Section 41, T5S, R2E, Greensburg Land District, and being more particularly described in Judg^' *720 ment of Possession in my late husband’s succession, which bequest is made in consideration of my said daughter having nursed and supported me since the death of my husband, and of having paid a substantial portion of the purchase price for said property when it was originally acquired.”
It is further alleged that the above mentioned donation exceeded the disposable portion of the estate of decedent, Anna C. Dyer and constituted an infringement of the legitime. It is further set forth that although termed a remunerative donation there was in fact no consideration for the donation and that the defendant did not pay a substantial portion or any portion of the purchase price of the property when it was originally acquired. Alternatively, it is pleaded that if some services were rendered by the defendant or that if a portion of the purchase price was paid by the defendant, that the value of the object or the interest donated exceeded by one-half the value of such charges of services. The petition concludes with a prayer seeking the reduction of the donation to the disposable portion and decreeing petitioner to be the owner of an undivided one-ninth of two-thirds (% of 2/z) of the estate and property of the decedent at the time of her death.
The defendant filed an exception of lis pendens which was argued in the court below and sustained. The case is now before us on an appeal taken by the plaintiff from the judgment sustaining the exception.
The defendant filed in this court a motion setting forth that on October 13, 1955, judgment was rendered in the 19th Judicial District Court for the Parish of East Baton Rouge in the matter entitled “Robert W. Dyer et al, v. Emily Dyer DeLee” No. 53,695 of the docket of said court and that pursuant to such judgment which was signed on the 19th day of October, 1955, the property described in the plaintiff’s petition was sold by Bryan 'Clemmons’, Sheriff of the Parish of East Baton Rouge. It is further set forth that subsequently the property was partitioned in kind among the purchasers by an act of partition dated April 21, 1956, and that as a result thereof, the question presented by this appeal has become moot.
We observe from the brief filed by ap-pellee that the exception of lis pendens is based on the contention that the instant matter involves the same cause of action, is between the same parties and has the same object as involved in the matters entitled “In the Matter of the Succession of Anna Chainey Dyer, Deceased” No. 8587 of the Probate Docket and “Robert W. Dyer, et al, v. Mrs. Emily Dyer DeLee,” No. 53,695 of the Civil Docket of the 19th Judicial District Court in and for the Parish of East Baton Rouge, State of Louisiana. An examination of the record reveals that neither of these matters was introduced in evidence. Consequently, it is impossible for us to determine whether the mentioned matters do involve the same parties, the same cause of action and have for their object the same thing involved in the instant matter. Likewise, it is impossible for us to determine from the record as made up whether those things which are alleged to have taken place in the motion to dismiss the appeal actually transpired or not.
In view of the above and foregoing, it is ordered, adjudged and decreed that this matter be remanded to the 19th Judicial District Court in and for the Parish of East Baton Rouge, State of Louisiana, for the introduction of evidence and such other offerings as may be admissible in connection with the plea of lis pendens and the motion to dismiss the appeal. Said record after the introduction of such evidence is to be returned to this court on or before November 15, 1956, otherwise said appeal to be dismissed at plaintiff’s costs.
Case remanded.