GLADNEY, Judge.
Robert J. Newson, appellant herein, appeals from a. judgment dismissing a rule to traverse the answers of a garnishee. The present controversy arose in the following manner:
Plaintiff secured a personal judgment against Elmer Saveli on February 1, 1956, and promptly secured the issuance of a writ of fi. fa. On February 13, 1956, plaintiff caused to be served upon D. C. Hall Transport, Inc., garnishee, certain interrogatories which were answered as of February 24, 1956. The interrogatories required the garnishee to disclose and explain fully any credits of the judgment debtor and particularly with reference to wage and salary if the defendant was then in the employ of the garnishee. The garnishee by answer, confessed to the possession of the sum of $168.05 belonging to Elmer Saveli as of February 13, 1956, the *476 date on which the interrogatories were served on the garnishee, and further averred that 'Saveli was employed by it, but carried on its Texas payroll made up in Dallas, and that the Shreveport office was without knowledge of his wages or the daily payments to him, and that the sum of $168.05 was the last check received by the Shreveport office prior to his transfer. Plaintiff thereafter on February 27, 1956, served upon the garnishee a rule traversing its answers. In response to the rule, D. C. Hall Transport, Inc. appeared, pleading that the rule nisi failed to disclose a cause or right of action in that the ap-pearer had answered the interrogatories as required by law. Answering further, and in the alternative, the garnishee disclosed that the employment records of Saveli were transferred from Shreveport to the Dallas, Texas office on February 16, 1956, at which time his rate of pay averaged approximately $125 per week. The garnishee reiterated his previous statement that the Shreveport office no longer kept the records pertaining to the earnings of Saveli and will not in the future hold any rating, credit or wages due or owing to Saveli.
Upon the pleadings so tendered, the rule was tried. Judgment was rendered dismissing the rule to traverse and ordering the garnishee to pay over to the plaintiff twenty per cent of the sum of $168.05 admittedly held by the garnishee owing to the defendant.
The record as filed in this court does not contain the transcript of evidence which was adduced upon the trial of- the rule to traverse the answers of the garnishee. However, upon consideration of the issues presented upon the appeal, we do not consider the missing evidence essential -to a proper decision. Where the absence of certain documents in the record are not shown to be essential to the question at issue or prejudicial to appellee’s rights, ah appeal court should not dismiss the appeal ex proprio motu. Morrison v. Lynch, 1884, 36 La.Ann. 611; Richardson v. Trustees’ Loan & Guaranty Co., Inc., 1931, 15 La.App. 645, 132 So. 387.
We are of the opinion that despite a rule for traverse timely and properly brought by appellee, the garnishee has failed to fully disclose information which should have been embraced in its answer to the interrogatories propounded to him, and we find ourselves in disagreement with the judgment dismissing the rule to traverse. The validity of the judgment obtained by plaintiff appellant has not been questioned by the defendant nor is there any doubt that the garnishee was properly served and, therefore, in the jurisdiction of the court.
In Goodwin v. Southern Kraft Corporation, La.App.1942, 6 So.2d 783, it was pointed out by Judge Taliaferro, as the organ of the court, that the garnishee is a qualified defendant, a mere stakeholder, who has been involuntarily drawn into the litigation and whose duty it is to strictly comply with the orders of court served upon him, and that he is not required as a condition precedent to paying over funds or surrendering property of a defendant to investigate the regularity or legality of the proceedings.
The obligation of the garnishee is further enunciated in 38 C.J.S., verbo Garnishment, § 196, p. 432, wherein it is set forth:--
“A garnishee has the duty to make an impartial presentation of all proper defenses to the proceedings. It is his primary duty to raise questions pertaining to whether he has funds belonging to defendant. As far as the main action is concerned, where the principal defendant has personal knowledge of the suit, the garnishee is not hound to go further than to look to the jurisdiction of the court, act fairly, and make a full disclosure.1’ (Emphasis supplied.)
The garnishee, D. C. Hall Transport, Inc., acting through either its Shreve *477 port office or Dallas, Texas, office,' is the identical party which had been subjected to the jurisdiction of the Caddo Parish District Court which rendered the judgment against its employee, Saveli. The garnishee offers no excuse for not obtaining the information required of it by the court through its answers to the interrogatories which were properly served upon it. The mere fáct that after February 16, 1956, some three days after the interrogatories were served upon it, the defendant’s pay check was delivered to him in Dallas, instead of Shreveport, where apparently the defendant still has his residence, affords no excuse or reason for garnishee to withhold the information requested in the interrogatories. Nor does the garnishee herein have the right to plead the provisions of LSA-R.S. 13:3951, which purports to exempt wages earned out of the state and in which instance the garnishee may plead the exemption unless the defendant is actually served with the process. This statute has application only to a cause of action arising out of the state.
In view of our findings as hereinabove set forth it is necessary to annul and set aside the order dismissing the rule to traverse, and to amend and recast the judgment from which appealed so as to read as follows:
It is ordered, adjudged and decreed that there be judgment in favor of plaintiff, Robert J. Newson, and against the garnishee, D. C. Hall Transport, Inc., ordering payment to the Sheriff of Caddo Parish, of deductions from the wages, salary, commission and other compensation of the defendant herein, Elmer Saveli, said deductions to include 20% of the sum of $168.05 held in garnishee’s possession on February 13, 1956, and 20% of ‘Saveli’s earned compensation accruing after said date, provided that no deduction shall be made which would reduce the rate of compensation of the defendant, below the sum of $60 per month, and provided further, upon giving written notice filed with the officer to whom payments are to be made, that the defendant has left its.employ, the garnishee shall be relieved of all further liability and discharged herein. Except as herein otherwise provided, deductions and payments shall continue until satisfaction of the writ of fi. fa..issued herein. Costs of this appeal shall be taxed against garnishee herein.