TATE, Judge.
On a previous appearance before this court, this appeal was remanded for introduction of the other judicial proceedings upon which was based the judgment sustaining an exception of lis pendens and dismissing plaintiff’s suit, 88 So.2d 719. This additional evidence is now in the record.
As stated in our earlier opinion, the allegations of the petition show: Plaintiff and defendant are co-heirs, together with seven other children, of the late Mrs. Anna C. Dyer. The decedent’s last will and testament bequeathed her entire interest (4%oth) in a valuable 140-odd acre tract to defendant, Mrs. Price, allegedly as a remunerative donation and because Mrs. Price had contributed a substantial portion of the purchase price of decedent’s interest in the land.
Plaintiff, Mrs. DeLee, herein files suit against her sister, Mrs. Price, to set aside the testament insofar as it infringes on plaintiff’s share as a forced heir (her leg-itime) and to reduce the donation mortis causa to Mrs. Price to the disposable portion of decedent’s estate.

*81
Motion to Dismiss the Appeal.

A motion to dismiss the appeal as moot was filed on the ground that all the property left by decedent, including the tract forming the special legacy to defendant Mrs. Price, has been sold at public sale as the result of a partition suit between the coheirs.
While the present suit attacks the legacy of the particular property sold as an excessive donation, we apprehend its purpose and prayer as a direct suit under Articles 1502, 1504, LSA-C.C. by one forced heir against a preferred heir to establish the rights of the plaintiff as a forced heir and to reduce as excessive the donation received by the other heir. Even against third persons, this action is not defeated by prior sale of the property included in the excessive donation, Article 1517, LSA-C.C. (And the partition judgment and sale, and the subsequent conventional partition, relied upon by appellee in this motion to dismiss as moot, show that not third persons, but plaintiff’s eight co-heirs (including defendant) purchased decedent’s property and partitioned it among themselves.) Therefore, the sale of the property does not cause to become moot plaintiff’s claim of her rights as a forced heir and for reduction of the alleged excessive donation, cf., Fluker Farms, Inc., v. James, 226 La. 303, 76 So.2d 311.
The motion to dismiss the appeal is denied. (See also LSA-Civil Code Article 2453, the sale having been made after the present suit was filed.)

On the Merits.

After alleging that the donation of decedent’s interest in the 140-acre tract to defendant exceeded the disposable portion and infringed upon the legitime of the other forced heirs, and that the defendant in fact did not render services or any portion of the original purchase price of the property so as to constitute consideration for a valid 'remunerative donation, the plaintiff prayed, insofar as applicable:
“II.
“That there be judgment setting aside the Last Will and Testament of Mrs. Anna C. Dyer, probated in the proceedings entitled ‘Succession of Mrs. Anna Chaney Dyer’, Number 8587, Probate, 19th Judicial District Court, to the extent that it infringes on the legi-time of your Petitioner;
“III.
“That there be judgment in favor of your Petitioner, Mrs. Emily Dyer De-Lee, and against Defendant, Mrs. Maggie Dyer Price, reducing the said donation mortis causa by Mrs. Anna C. Dyer to the Defendant to the disposable portion, and decreeing Petitioner to be the owner of an undivided % of %’s of the estate and property of Decedent, Mrs. Anna Chaney Dyer, at the time of her death.”
The District Court sustained, for oral reasons, defendant’s exception of lis pen-dens founded upon the pendency of the “Succession of Anna Chaney Dyer”, Probate Docket 8587, East Rouge Parish, and of “Dyer et al. v. Mrs. Emily Dyer DeLee”, a partition suit, Civil Docket No. 53,695, East Baton Rouge Parish; allegedly involving the same cause of action and the same object between the same parties.
The declinatory exception of lis pendens arises from the fact of another suit being pending between the same parties, Article 335(2), Code of Practice. The defendant therein is entitled to have the second suit dismissed, Article 94, C.P. The exception is a correlative of the plea of res judicata by which a final judgment in one suit bars another between the same parties, State ex rel. Marston v. Marston, 223 La. 1046, 67 So.2d 587, which states that a “fair test” of whether the exception of lis pen-dens is well pleaded “is to inquire whether a final judgment in the former suit would be res judicata in the latter,” Id., 67 So.2d at page 589.
*82 To be sustained, both of these exceptions require that the (1) parties, (2) cause of action, and (3) object (or demand) be the same, Article 335(2), C.P.; Article 2286, LSA-Civil Code; see, e.g., Quarles v. Lewis, 226 La. 76, 75 So.2d 14.
In the “Succession of Anna Chaney Dyer”, Probate Docket 8587, the decedent’s will was probated by ex parte judgment upon petition of plaintiff’s eight co-heirs. Subsequently, these co-heirs filed a petition alleging the death and testacy of the decedent, and also her special legacy of her interest in the 140-odd acres to defendant[1], and which prayed, inter alia:
“IV. That the said special legacy to Petitioner, Mrs. Maggie Dyer Sullivan Price, as particularly set forth in Paragraph 4 [Footnote 1 hereof] be delivered to her and that judgment be entered recognizing her as entitled to the same and sending and putting her in possession thereof. * * * ”
A prayer was included for recognition of the eight petitioning co-heirs and Mrs. De-Lee, defendant herein, as the heirs entitled to be sent into possession of the entire estate of the decedent “less the special legacy aforesaid.”
We think the “object” or “demand” thus posed contradictorily was the same as that before us now: the ownership of decedent’s interest in the 140-acre tract. The “cause of action” also is the same: whether defendant was entitled to the special legacy to her of decedent’s interest in the tract is dependent on whether the remunerative donation mortis causa is valid and not subject to reduction. And the parties are the same; the additional presence of co-plaintiffs with present defendant in the other suit does not destroy the identity of the opposing appear-ers who are also opposing parties appearing in the present suit. The District Court therefore properly sustained the exception of lis pendens.
It is of some interest that although Mrs. DeLee was properly served and cited in the earlier probate proceedings, the record does not indicate that issue was ever joined by default or answer or other appearance (although the rule requiring her to accept or reject the succession was made absolute against her). Whatever effect this deficiency may have as to validity of the judgment in the probate proceedings, Article 606, C.P., Chopin v. Freeman, 145 La. 972, 83 So. 210, Rector v. Allied Van Lines, La. App. 2 Cir., 198 So. 516, Robinson v. Enloe, 2 Cir., 10 La.App. 435, 121 So. 320, and although in these earlier probate proceedings default or answer did not join issue so as to begin the suit, C.P., Art. 359, the action was commenced by valid citation, Id., so as to constitute the probate proceeding the earlier action within the provision of C.P., Article 94: “The judge before whom the action is first brought shall sustain his jurisdiction.” [2]
*83 Having decided that the plea of lis pen-dens was correctly upheld due to the pend-ency of the prior succession proceedings involving the same cause of action between plaintiff and defendant, it is unnecessary to resolve the extremely complex issues raised by defendant’s argument that the earlier suit for partition by licitation (#53,695) likewise bars the present suit, because plaintiff might have raised therein the cause of action pleaded in the present suit, see Quarles v. Lewis, 226 La. 76, 75 So.2d 14, and cases therein cited; as opposed to plaintiff’s contention that the present suit is to establish a right to reduce the special legacy to defendant insofar as it is prejudicial to plaintiff’s legitime, whereas the partition suit’s incidental purpose was only to establish the prima facie proportions of ownership at the time of suit but subject to successful exercise of plaintiff’s fundamental right as forced heir to reduce the donation to the extent prejudicial to her legitime.
For the above and foregoing reasons, the judgment of the District Court is affirmed.
Affirmed.

. “Article 4 of the petition alleged:
Under and by virtue of the terms of said will, Decedent left unto Petitioner, Mrs. Maggie Dyer Sullivan Price, as an extra portion, all of her right, title and interest in and to that tract of land containing approximately one hundred forty-six and %o (146.5) acres, located in Section 41, Township 5 South, Range 2 East, Greensburg Land District, and being more particularly described in Judgment of Possession in her late husband’s Succession, which bequest was made in consideration of said Petitioner having nursed and supported Decedent since the death of her husband, and of having paid a substantial portion of the purchase price of said property when it was originally acquired, the said property being shown as Item No. 1 in the aforesaid inventory, and disposed of the remainder of her property according to law. * ^

. Although Article 335(2) of the Code of Practice of 1870 provides that the exception must be founded upon an earlier suit pending “before another court”, Article 94 in pari materia was amended in 1918 to omit the latter requirement, Weems v. Moise, 1 Cir., 3 La.App. 224; and we feel that any doubt as to the extremely technical point of whether the exception of lis pendens would lie only against earlier suits (i.e., in which issue was joined) rather than against ear *83 lier actions should be resolved in favor of the language of Article 94, as being a legislative re-enactment subsequent to Artiele 335, as well as being more in accord with, the general purposes of the exception in most situations.