TERRI F. LOVE, Judge.
_JjThe trial court granted two motions for summary judgment, dismissing all of the defendants and the plaintiff, Brandy D’Angelo, filed this devolutive appeal. The motion to designate contents of record, filed by Ms. D’Angelo, did not include the two motions for summary judgment granted by the trial court or the replies to her oppositions.[1] Terry Tedeseo, Inc., one of the appellees, filed a motion to supplement the contents of the record due to the deficiency. This Court issued an order granting the motion to supplement on February 2, 2011. However, the record was never supplemented. Thus, the record before us does not contain the two motions for summary judgment and the replies of the ap-pellees, which are the crux of this appeal and based upon which the trial court based its judgment.
La. C.C.P. art. 2161 provides that “[a]n appeal shall not be dismissed because of any other irregularity, error or defect unless it is imputable to the appellant.” The failure to include the motions for summary judgment, replies, and corresponding exhibits is imputable to Ms. D’Angelo, who filed the motion to designate the contents of the appellate record and who was clearly aware of the records deficiencies. We find that this irregularity justifies dismissal, in that a full |2review of the record before us cannot be conducted without injury to the appellees. See Newson v. Savell, 90 So.2d 474 (La.App. 2nd Cir.1956); Richardson v. Trustees’ Loan & Guar. Co., 15 La.App. 645, 132 So. 387 (La.App.Orleans 1931); Hill Cotton Lumber Co. v. Meyer, 9 La.App. 116, 118 So. 839 (La.App. Orleans 1928); Morrison v. Lynch, 36 La. Ann. 611, 1884 WL 7871, *3 (La.1884).
Therefore, we dismiss this appeal ex proprio motu, as none of the pleadings the trial court utilized to support the granting of the motions for summary judgment are contained in the record.
APPEAL DISMISSED
MURRAY, J., dissents with reasons.

. This Court notes that we issued a rule to show cause as to timeliness to Ms. D’Angelo because the notice of filing of judgment was absent from the record as well.