REGAN, Judge.
The plaintiff, Louie B. Wood, filed this suit against the defendant, Dr. Edwin G. Hyde, endeavoring to recover the sum of $264.65, representing the balance due on a promissory note, together with 6% interest per annum from June 15, 1966, until paid plus 10% attorney’s fees and all costs of this proceeding.
The foregoing petition was filed on November 4, 1966, by Clarence F. Favret, Jr., attorney, and about five months later, or on April 14, 1967, he filed a motion on behalf of the plaintiff requesting that a curator ad hoc be appointed to represent the defendant, Dr. Hyde. It was explained therein that the doctor was concealing himself in order to avoid service of process, and on March 13, 1967, the court appointed Frank C. O’Hallaron, Jr., as curator ad hoc to represent him.
The usual answer was filed by the curator on behalf of the defendant which denied the allegations in the plaintiff’s petition for lack of sufficient information to justify a belief in the truth thereof, and requested that the plaintiff’s demand be dismissed.
Judgment was rendered in favor of the plaintiff, Louie B. Wood, and against the defendant, Dr. Hyde, in the full amount of $264.65 together with 6% interest thereon from June 15, 1966, until paid plus 10% attorney’s fees and all costs of the proceedings, and, in addition thereto, it was further ordered that $50.00 be paid to Frank C. O’Hallaron, Jr., for services rendered as curator ad hoc.
From this judgment, the defendant has prosecuted a suspensive appeal, which was processed on his behalf by George V. Baus, an attorney engaged by the defendant to represent him in connection therewith.
Dr. Hyde conceded on the appeal hereof that he was aware of the existence of this suit, but he insists that the judgment is a nullity for the reason that the lower court lacked jurisdiction because he was never served with citation, and the court possessed no authority to appoint a curator ad hoc to represent him since a “diligent effort” was not made to serve him personally prior to the appointment of a curator ad hoc, which is required by the Code of Civil Procedure Article 5251(1).
The pertinent part of Article 6 of the Louisiana Code of Civil Procedure defines jurisdiction over the person as follows:
“Jurisdiction over the person is the legal power and authority of a court to render a personal judgment against a party to an action or proceeding. This jurisdiction must be based upon:
(1) The service of process on the defendant, or on his agent for the service of process;
(2) The service of process on the attorney at law appointed by the court to defend an action or proceeding brought against an absent or incompetent defendant who is domiciled in this state; * * *” (Emphasis added.)
The requisites for the appointment by the court of an attorney to represent an absent defendant are provided in Article 5091 of the Louisiana Code of Civil Procedure which reads:
“When the court has jurisdiction over the person or property of the defendant, *53 or over the status involved, on the petition or ex parte written motion of plaintiff, it shall appoint an attorney at law to represent the defendant if he is:
(1) A nonresident or absentee who had not been served with process, either personally or through an agent for the service of process, and who has made no general appearance; * * * ”
An absentee is defined by Article 5251 of the Louisiana Code of Civil Procedure as follows:
“(1) 'Absentee’ means a person who is either a nonresident of this state, or a person who is domiciled in but has departed from this state, and who has not appointed an agent for the service of process in this state in the manner directed by law; or a person whose whereabouts are unknown, or who cannot be found and served after a diligent effort, though he may be domiciled or actually present in the state; * * * ” (Emphasis added.)
To reiterate, O’Hallaron was appointed to represent Hyde because the plaintiff explained to the lower court that Hyde was concealing himself to avoid service of process, and therefore, citation was impossible despite the fact that a diligent effort had been made to find him.
The fact that Hyde is domiciled in Louisiana is clear and uncontradicted; however, there exists a question as to whether a diligent effort was made to cite him. The return of service by the constable, which ordinarily would have revealed that he was either able or unable to locate and serve the defendant, is, for some unexplained reason, not in the record. The only evidence to indicate that any effort at all was made to serve the defendant is the hearsay testimony of the plaintiff’s attorney, Clarence F. Favret, Jr., which is to the effect that such an effort was made by the constable, but service was impossible because the defendant was concealing himself. This alone, we are convinced, is insufficient to establish as a fact that the defendant was an absentee within the contemplation of Article 5251 of the Louisiana Code of Civil Procedure, which authorizes the judge of the lower court, in a proper case, to appoint an attorney to represent the defendant. Therefore, since the court was without authority to appoint an attorney ad hoc, the judgment emanating therefrom is a nullity in view of the fact that the court lacked jurisdiction in personam because, to repeat, there was no service of citation on either the defendant or upon a duly appointed agent, and consequently, the defendant was not the recipient of due process of law.
For the foregoing reasons, the judgment of the lower court is hereby annulled and set aside, and the case is remanded for such additional proceedings as the nature of the case may require and not inconsistent with the views expressed herein.
All costs are to await the final determination hereof.
Annulled, set aside, remanded.