SAMUEL, Judge.
Plaintiff filed this suit against his wife seeking a judgment of absolute divorce on the grounds of living separate and apart continuously for a period of more than two years (LSA-R.S. 9:301). After trial there was judgment granting the divorce. Defendant has appealed.
The petition alleges the litigants were married in 1944; subsequently established a matrimonial domicile in New Orleans; separated thereafter in 1964, at which time defendant abandoned the plaintiff in New Orleans; and have lived separate and apart since the date of that separation. It further alleges the defendant is “ * * * presently an absentee, domiciled at 6201 Collinsway Road, Cantonsville, Maryland” and prays for the appointment of an attorney to represent her. The court appointed a local attorney at law to represent the defendant; on defendant’s behalf, he filed an answer denying all of the petition’s allegations for lack of sufficient information; and the trial was held contradictorily against the appointed attorney.
The appointment of the attorney to represent the defendant was made under LSA-C.C.P. Art. 5091 which, in pertinent part, provides that when the court has jurisdiction over the status involved, on plaintiff’s petition or written motion, ex parte, it shall appoint an attorney at law to represent the defendant if such defendant is a “ * * * nonresident or absentee who has not been served with process, either personally or through an agent for the service of process, and who has made no general appearance; * * and all proceedings against such a defendant shall *713 be conducted contradictorily against the attorney appointed by the court to represent him.
Appellant’s only contention in this court is that the record contains no testimony and no proof that, at the time of the filing of the petition and thereafter, she was in fact a nonresident of, or an absentee from, the State of Louisiana. Her counsel argue that, as a result of the lack of such testimony and proof, there was no service of process on the defendant and the judgment appealed from is null because the trial court was without jurisdiction over the person, citing LSA-C.C.P. Art. 6 and Wood v. Hyde, La.App., 209 So.2d 51.
In pertinent part the cited LSA-C.C.P. Art. 6 states jurisdiction over the person, the legal power and authority of a court to render a personal judgment against a party to an action or proceeding, is obtained when the service is made on an attorney at law appointed by the court to defend an action against an absent defendant. Thus, insofar as the present case is concerned, the article simply provides that the trial court did have jurisdiction if the defendant was an absent defendant.
In the cited case, Wood v. Hyde, supra, although the defendant was domiciled in the State of Louisiana, an attorney was appointed to represent him; and service of process was made on that attorney and the proceedings were conducted contradictorily against him. The appointment was made under the above discussed LSA-C.C. Art. 5091 on plaintiff’s representation to the trial court that the defendant was an “absentee” as defined by LSA-C.C. Art 5251 (1). in that he was concealing himself to avoid service of process and such service was impossible despite the fact that a diligent effort had been made to find him. Holding that the record failed to establish the fact that the required diligent effort to find and serve the defendant had been made, the court concluded there was no jurisdiction over the person because there had been no valid service of process on the defendant. Beyond the holding that a personal judgment obtained without valid service of process is null, the case is not apropos here.
We find it unnecessary to discuss appellant’s contention beyond saying we find it to be factually incorrect. The record does establish to our satisfaction that at the time of the filing of the petition and thereafter she was a nonresident of the State of Louisiana. Proof in the record relative to the defendant being a nonresident includes the following:
On January 29, 1969 the attorney appointed to represent the defendant forwarded a letter by certified mail to the address alleged in the petition. A copy of that letter and the receipt were offered in evidence. The letter informs the defendant of the suit and the grounds upon which it was based and requests information as to whether or not the defendant wished to oppose the suit. The receipt shows the letter was delivered on February 1, 1969; it was signed “Ruth Culver”, whom the plaintiff testified was the defendant’s mother. Plaintiff verified her signature. Also received in evidence was a letter addressed to the attorney appointed by the court to represent the defendant. That letter, dated March 5, 1969, is written by, and on the stationery of, an attorney at law in Baltimore, Maryland. It advises the appointed attorney the defendant wished to contest the suit and would obtain local counsel. The trial judge concluded that, as the defendant had been notified of the pendency of the suit on February 1, 1969 and as the trial took place on March 10, 1969, she had had ample time to make a defense or to request additional time to do so.
In our opinion the correspondence mentioned above, particularly the letter received from the Baltimore attorney which clearly indicates a consultation with him by the defendant, is sufficient proof that the defendant was a nonresident at all times material hereto.
For the reasons assigned, the judgment appealed from is affirmed.
Affirmed.