275 So.2d 806 (1972)
Mary LEATHERMAN et al.
v.
PARISH OF EAST BATON ROUGE et al.
No. 9070.
Court of Appeal of Louisiana, First Circuit.
November 13, 1972.
On Rehearing March 19, 1973.
*807 Vanue B. Lacour, Baton Rouge, for appellants.
Edward V. Fetzer, Asst. City-Parish Atty., and Joseph F. Keogh, Parish Atty., Baton Rouge, for appellees.
Before LANDRY, TUCKER and CUTRER, JJ.
LANDRY, Judge.
Plaintiffs-Appellants, Mary Leatherman, John Leatherman, Clara Leatherman Neff and Doris Octavia Leatherman, natural tutrix of the minors, Drel, Karen and Calvin Leatherman, appeal dismissal of their action against defendants, Parish of East Baton Rouge (Parish) and Greater Baton Rouge Consolidated Sewerage District of East Baton Rouge Parish (District), to cancel and recall four-fifths of the costs and all of the curator's fees assessed against four lots belonging to Appellants in five suits instituted by the Parish and District to enforce liens against the properties for public improvement projects. The trial court sustained exceptions of no cause of action filed by the Parish and District. We reverse and remand.
Appellants make two basic contentions. First, it is argued that it was the mandatory duty of the Parish and District to cumulate all actions in a single proceeding thereby minimizing costs to Appellants, and that failure to do so deprived Appellants of due process contrary to the Constitution of Louisiana and the Fourteenth Amendment of the Constitution of the United States. Secondly, it is urged that the appointment of a curator to represent Appellants was illegal, null and void inasmuch as Appellants were residents of East Baton Rouge Parish and amenable to service of process when the curator was appointed to represent them. Procedurally Appellants contend the trial court erred in considering facts outside the pleadings in disposing of Appellees' exceptions, and ruling that the applicable statute, LSA-R.S. 33:3306, requires the filing of separate actions.
Appellants' petition reads in full as follows:

"PETITION
The joint petition of Mary Leatherman, John Leatherman, Clara Leatherman Neff and Doris Octavia Leatherman, the duly appointed natural tutrix of the minors, Drel, Karen and Calvin *808 Leatherman, all domiciled in East Baton Rouge Parish, Louisiana, respectfully represents:

1.
That they are co-owners in indivision of lots 1, 2, 20 and 21, Square 15, University Place, situated in East Baton Rouge Parish, Louisiana.

2.
That on November 30, 1970, the above property was subject to a paving lien in favor of the Parish of East Baton Rouge and Lots 20 and 21 were subject to sewerage lien in favor of the Greater Baton Rouge Consolidated Sewerage District of the Parish of East Baton Rouge.

3.
That Tom Leatherman, the father of the minor children, and record co-owner of the property was deceased.

4.
That the Parish of East Baton Rouge and the Greater Baton Rouge Consolidated Sewerage District of the Parish of East Baton Rouge on November 30, 1970, filed five (5) separate suits against the defendants. That although the living defendants in said suits were domiciled in East Baton Rouge Parish and were amenable to service of process within the Parish the plaintiff in said suits caused a curator to be appointed to represent each of the defendants in each of the said five (5) suits.

5.
That the said suits involved a common question of law, a common question of fact between the same plaintiffs and defendants and contained no inconsistencies requiring a multiplicity of suits such as was instituted by the Parish of East Baton Rouge and the Greater Baton Rouge Consolidated Sewerage District of the Parish of East Baton Rouge.

6.
That the curator's fee in each of the suits and assessed as cost against the petitioners was $56 or a total of $280.

7.
That the court cost in each of the suits was $65.75 assessed as cost against the petitioners in the total amount of $338.75.

8.
That the defendants knew or should have known that a single suit against the petitioners could and should be brought, but nevertheless filed separate suits thus imposing upon the plaintiffs excessive cost in the amount of $280 curator fee and $271 costs.

9.
That the defendants herein and plaintiffs in the said five (5) suits were and are governmental corporation acting under color of authority of State Law.

10.
That the defendants intentionally or negligently failed to minimize damages and caused the petitioners to be penalized by paying costs solely because of unnecessary multiplicity of suits.

11.
That said governmental agencies acted arbitrarily and in disregard of the rights of the defendants in said suits who are plaintiffs herein and deprived them of due process of law contrary to the constitution of Louisiana and contrary to the 14th amendment to the Constitution of the United States.
WHEREFORE, plaintiffs pray for judgment against the Parish of East Baton Rouge and against the Greater Baton Rouge Consolidated Sewerage District of the Parish of East Baton Rouge cancelling and recalling 4/5 of the assessment of cost and curator fee in said *809 five (5) suits and that said defendants be enjoined from collecting from the plaintiffs any cost in excess of the cost incurred by a single suit in the proceedings."
An exception of no cause of action raises the general issue of whether any remedy at all may be afforded plaintiff under the allegations of the petition. Bielkiewicz v. Rudisill, La.App., 201 So.2d 136.
No evidence is admissible in support of or opposition to an exception of no cause of action. Amato v. Latter & Blum, Inc., 227 La. 537, 79 So.2d 873.
On trial of an exception of no cause of action, the court must consider as true all well plead allegations of fact, but not conclusions of law or conclusions drawn by the pleader based on the facts alleged. Cason v. Laird, 223 La. 465, 65 So.2d 913; Williams v. Red Barn Chemicals, Inc., La. App., 188 So.2d 78.
An exception of no cause of action may be sustained only where, under the well plead allegations of fact, the petition does not state a cause of action on any ground whatsoever. Blanchard v. Employers Liability Assurance Corp., La.App., 197 So.2d 386.
We find no error in the trial court's consideration of LSA-R.S. 33:3306, which governs liens of this nature, when it passed upon defendants' exceptions of no cause of action. Appellants maintain a single action was required under the statute; Appellees contend it does not require a single action, but necessitates separate suits against each affected parcel of land. Our jurisprudence does not proscribe consideration of pertinent law in disposing of an exception of no cause of action. On the contrary, in such instances, the pivotal issue is whether plaintiff has alleged facts entitling plaintiff to relief under any theory, rule of law or statute whatsoever. It follows that whatever law may be pertinent to such a determination may be considered by the Courts.
Assuming the trial court erred in concluding Appellees were required by the statute to file separate actions, the matter is of no importance. That Appellees may not have been required to file separate actions does not necessarily mean the statute requires cumulation. Most certainly, our reading of the statute does not even remotely suggest cumulation of such actions is mandatory. Since the statute is silent on the subject, our ordinary rules governing cumulation and consolidation of actions must apply.
LSA-C.C.P. art. 462 provides that plaintiff may cumulate one or more actions against the same defendant if the actions are within the court's jurisdiction, brought in the proper venue, mutually consistent and involve the same procedure.
LSA-C.C.P. art. 463 states that two or more parties may be joined in the same suit as plaintiffs or defendants if there is a community of interest between those joined, if the actions are within the court's jurisdiction, are brought in the proper venue, and all actions are consistent and employ the same form of procedure.
Pursuant to LSA-C.C.P. art. 1561, our Courts may consolidate for trial separate suits involving a common issue of law or fact, or order a joint trial of any of the common issues.
We note that Articles 462 and 463, above, employ the term "may" as opposed to "shall". We also observe that LSA-R.S. 1:3 defines "may" as permissive, and "shall" as mandatory. We conclude that under our procedural rules, both statutory and jurisprudential, Appellees were not required to consolidate or cumulate the actions in question and were within their rights in proceeding by separate actions.
The thrust of Appellants' due process argument is that the Parish and District are governmental entities acting under color and authority of state law in enforcing the liens in question. Therefore, according *810 to Appellants, said defendants are constitutionally obligated to minimize the costs to Appellants as citizens and taxpayers, and failure to do so, either by negligence or design, violates Appellants' right to due process. We find it significant that no authority whatsoever, other than the constitutional provisions themselves, is cited in support of Appellants' position. Our own research has failed to disclose any authority on this precise question. We find, however, that the essential elements of due process, as guaranteed by the State and Federal Constitutions, are generally considered to be the right to notice and an opportunity to be heard in an orderly proceeding adapted to the nature of the case. Mongogna v. O'Dwyer, 204 La. 1030, 16 So. 2d 829. We find that the statute in question, if properly followed and applied, affords Appellants every opportunity for notice and opportunity to be heard. We find no merit in the argument that due process requires a cumulation of actions by a plaintiff having multiple claims against a defendant solely for the purpose of minimizing the cost of defense. In this regard, we find that our procedural rules, including especially LSA-C.C.P. art. 1561, provide a defendant adequate remedy at law for the minimization of his cost of defense. The cited statute enables a defendant to move for consolidation of multiple actions against him when the suits involve common issues of law or fact.
Appellants allege curators were wrongfully appointed to represent them, notwithstanding they were domiciled and present in the parish where the suits were instituted. For purposes of deciding Appellees' exceptions, these allegations must be accepted as true.
LSA-C.C.P. art. 5091 states the circumstances under which an attorney may be appointed to represent an unrepresented defendant. In pertinent part, said Article reads as follows:
"The court shall appoint an attorney at law to represent the defendant, on the petition or ex parte written motion of the plaintiff, when:
(1) It has jurisdiction over the person or property of the defendant, or over the status involved, and the defendant is: (a) a nonresident or absentee who has not been served with process, either personally or through an agent for the service of process, and who has made no general appearance; . . ."
Also germane is the definition of "absentee" as contained in LSA-C.C.P. art. 5251(1), which provides:
"(1) `Absentee' means a person who is either a nonresident of this state, or a person who is domiciled in but has departed from this state, and who has not appointed an agent for the service of process in this state in the manner directed by law; or a person whose whereabouts are unknown or who cannot be found and served after a diligent effort, though he may be domiciled or actually present in the state; or a person who may be dead, though the fact of his death is not known, and if dead his heirs are unknown."
If Appellants can establish their domicile, presence in and amenability to personal service when subject suits were filed, the appointment of a curator to represent them was improper. The question then becomes, would this circumstance entitle Appellants to relief? In this regard, it is noteworthy that the judgments in question have now become final, and no appeals were taken therefrom. The issue thus posed is whether the judgments are now open to collateral attack, that is, do Appellants allege grounds for nullity?
LSA-C.C.P. art. 1201 provides that service of process is indispensable in all civil actions except summary and executory proceedings. Without proper service, all proceedings are null when service is required. Article 1201, above.
*811 Failure to personally serve a defendant who is entitled to such service, and who has made no general appearance, is a mandatory ground for an action in nullity. LSA-C.C.P. art. 2002. An action to annul on such grounds may, according to Article 2002, above, be brought at any time except as otherwise provided by LSA-C.C.P. art. 2002. If Appellants can establish the allegation they were not properly served, they will have established ground for an action in nullity entitling them to the relief prayed for herein.
We hold that Appellants' petition states a cause of action, namely, an alleged nullity of judgment predicated upon the averred lack of proper service. We also hold that Appellants' petition does not state a cause of action insofar as it alleges its constitutional right to due process of law was violated by Appellees' negligent or intentional failure to cumulate the actions in question, which position we deem an unfounded conclusion of law. It follows that if Appellants can establish lack of proper service, as alleged, Appellants are entitled to relief, otherwise Appellants' claims must be rejected in toto.
It is ordered, adjudged and decreed that the judgment of the trial court sustaining defendants' exceptions of no cause of action and dismissing Appellants' suit, be and the same is hereby reversed and set aside and judgment rendered herein remanding this matter to the lower court for further proceedings consistent with the views herein expressed. All costs of this appeal for which the Parish and District are amenable are assessed against said defendants.
Reversed and remanded.

ON REHEARING
Before LANDRY, TUCKER and PICKETT, JJ.
LANDRY, Judge.
Rehearing was granted herein limited to the question of whether plaintiffs' petition states a cause of action for nullity of judgment. Upon further consideration of this issue, we find that we erred in originally so holding.
We initially note that plaintiffs' petition (set forth in full in our original decree) does not allege the judgments in question are null. The petition recites only that defendant failed to minimize the cost of the actions in two respects. It is first contended separate suits were instituted when a single proceeding would have sufficed. Secondly, it is alleged a curator was unnecessarily appointed because defendants were domiciled in East Baton Rouge Parish and amenable to personal service therein.
Appellants prayed for relief consisting only of cancellation of 4/5ths of the assessment of costs and curator's fees in the five suits, and for an injunction prohibiting the Parish from collecting from Appellants any costs in excess of that incurred in a single proceeding.
We adhere to our original decree insofar as it proclaims that a petition may not be dismissed upon an exception of no cause of action if it, in fact, states a cause of action on any ground whatsoever. Blanchard v. Employers Liability Assurance Corp., La.App., 197 So.2d 386.
Based on LSA-C.C.P. art. 5251(1), our original decree held that Appellants' petition stated a cause of action for nullity of judgment because it alleged Appellants were domiciled in the parish in which the suits were instituted and amenable to service. Our error in so holding lies in the fact that a defendant's being domiciled and actually present in the parish where suit is brought against him does not ipso facto render invalid service upon him through a curator ad hoc.
*812 In pertinent part, LSA-C.C.P. art. 5251 (1) provides that an absentee (one upon whom service may be made through a curator) includes, inter alia ". . . a person whose whereabouts are unknown, or who cannot be found and served after a diligent effort, though he may be domiciled or actually present in the state . . . ."
Assuming Appellants were domiciled and actually residing in East Baton Rouge Parish when these suits were filed, service upon them through a curator was valid if Appellants' whereabouts were unknown or Appellants could not have been found after diligent effort. Appellants have not alleged that their whereabouts were known or that diligent effort would have disclosed their availability for personal service. Neither have Appellants alleged that the Parish failed to make a diligent search before resorting to substituted service. These indispensable allegations cannot be supplied by the court in determining whether Appellants' petition states a cause of action for nullity of judgment. In matters of this nature, the court can only determine, on the basis of the factual allegations contained in the petition, whether a cause of action on any ground whatsoever exists.
We find, therefore, that Appellants' petition does not contain allegations of fact essential to state a cause of action for alleged nullity of judgment.
It is ordered, adjudged and decreed that the judgment previously rendered herein annulling the judgment of the trial court which sustained Appellees' exceptions of no cause of action, and remanding these matters to the trial court for further proceedings, be and the same is hereby reversed and set aside, and judgment rendered herein affirming the judgment of the trial court in toto; all costs of these proceedings to be paid by Appellants.
Affirmed.