LEMMON, Judge.
This is an appeal from a judgment maintaining exceptions to a petition for certain sums allegedly due by a corporation in liquidation. At the threshold we are faced with a difficult issue as to the effectiveness of the appeal. Because of the complex factual background, we outline the record in some detail.
The litigation began when Dickie Lamp and several other shareholders petitioned for the liquidation of the corporation, Wil-lowdale Nursing Home, Inc. After a hearing on opposition by another shareholder, John Neyrey, the trial court rendered judgment on October 11, 1972, placing the corporation in involuntary liquidation and designating Lamp as liquidator.
On October 24, 1972, John R. Neyrey Co., Inc. filed (in the same proceedings) a petition against Willowdale and its liquidator, asserting (1) a claim for the amount due on a promissory note given by Willow-dale in connection with an agreement to purchase and (2) a claim on a construction contract between the Neyrey corporation and Willowdale, in which Willowdale agreed to make an initial payment upon commencement of construction.
On the same day the Neyrey corporation filed a petition of intervention, which referred to the petition on the note and the construction contract, reasserted the claim against Willowdale and its liquidator, alleged further that certain shareholders had never paid for their share subscriptions, and prayed that the liquidator show cause why he should not list the Neyrey corporation as a creditor and why he should not collect the unpaid subscriptions.
When no responsive pleadings were filed, a preliminary default was entered on November 21, 1972. At a November 28 *444 hearing on the confirmation of the default, the trial judge received evidence to support the Neyrey corporation’s claim and, after pondering whether certain documentary evidence as to construction expenses was necessary to support the claim, decided that the note, the construction contract, and Neyrey’s uncontradicted testimony were sufficient to entitle the corporation to judgment. The court ordered “Judgment as prayed”; however, after a brief recess the court concluded the record with a statement: “Continue it as an open matter.”[1] In any event, no written judgment was ever signed, although the record indicates a judgment had been prepared and was available for signing at the hearing.
The next record entry was December 7, 1972, when John R. Neyrey, individually, filed a petition of intervention, asserting that the Neyrey corporation had assigned to him any and all interest in its claims against Willowdale and its liquidator. Neyrey thus prayed for listing as a creditor and eventual payment from the liquidator of any money owed to the Neyrey corporation. (We view the “Petition of Intervention” as a pleading attempting to accomplish the substitution of parties.) Attached to the petition of intervention was an instrument entitled “Assignment of Interest in Law Suit by John R. Neyrey Co., Inc. to John R. Neyrey,” also dated'December 7, 1972. The instrument was signed by Neyrey as president of John R. Neyrey Co., Inc., assignor. No service was requested, and the record contains no indication that service was effected.
The record next contains a minute entry on December 7, 1972, stating “this rule fixed for today is continued without date.” Scheduled for that day were the rules for the liquidator to show cause why he should not list the Neyrey corporation as a creditor and why he should not collect the unpaid subscriptions.
On December 19, 1972 the liquidator filed exceptions of no cause of action and no right of action to the Neyrey corporation’s original petition on the note and construction contract, together with an exception of prescription as to the note. The liquidator and other individual Willowdale shareholders also filed exceptions of no right of action and no cause of action to the Neyrey corporation’s petition of intervention.[2]
At the February 9, 1973 hearing on the exceptions, Neyrey informed the trial judge that he had been assigned the corporation’s claim and that he wished to prosecute the claim individually. The trial judge refused the requested substitution because Neyrey did not produce a corporate resolution authorizing the assignment.
The judge then examined the note and maintained the exception of prescription. Additionally, the judge maintained the exception of no cause of action, on the basis that the building contract was executed prior to Willowdale’s incorporation; however, the judge allowed IS days for amendment of the petition to allege subsequent acceptance or ratification of the contract by Willowdale. No evidence was adduced on any issues at this hearing.
The judgment on the exceptions, rendered on March 13, 1973, recited that Ney-rey appeared in proper person and for the Neyrey corporation and that the law and evidence were “against John R. Neyrey and John R. Neyrey Co., Inc.” However, the decretal portion of the judgment main *445 tained the exception of prescription to the petition filed by 'the Neyrey corporation and dismissed that portion of the claim, and further maintained the exception of no cause of action to the petition filed by the Neyrey corporation, allowing “John R. Neyrey Co., Inc.” time within which to amend.
John R. Neyrey, individually, then perfected this appeal. No appeal was filed on behalf of the Neyrey corporation.
The first problem is the effect of the appeal by Neyrey individually when the judgment purported to adjudicate the rights of the corporation.
There was only one claim involved in this proceeding, first asserted by the Ney-rey corporation. Although Neyrey subsequently attempted to pursue the claim individually, the trial judge never authorized his intervention nor recognized his status as assignee.
Neyrey’s right to intervene as as-signee was evidenced by a notarial assignment executed by a corporate officer, who declared under oath that he was authorized to act by resolution of the Board of Directors. Inasmuch as there was no contrary evidence, the notarial assignment constituted at least prima facie proof that the president was properly authorized to act on behalf of the corporation. See Carona v. McCallum, 146 So.2d 697 (La.App. 1st Cir. 1962); Merchants Adjustment Bureau v. Malta, 102 So.2d 781 (La.App. 2nd Cir. 1958). A written copy of the corporate resolution or an abstract of the minutes was not necessary to the validity of the assignment. Such a document would only have served as corroborative proof of the assertion contained in the assignment, which assertion was not denied or contradicted by the defendants.
Under these circumstances there was no basis to deny the substitution or joining of Neyrey individually under C.C. P. art. 807.[3] If, however, there was some reason not apparent in the record, an evi-dentiary hearing should have been held on his right to substitution. In any event the record before us contains no evidence to dispute Neyrey’s status as assignee.
Although Neyrey was never granted status as a party litigant, C.C.P. art. 2086 authorizes an appeal by a person who could have intervened in the trial court, even if no other appeal was taken. Certainly, the assignee of a claim can intervene in a pending suit on that claim. C.C.P. art. 1091. Therefore, if Neyrey individually could have intervened (as he attempted to do) in the suit on his assigned claim, he is entitled to bring this appeal, and any issues as to the correctness of the judgment are properly before us for review.
As to the exception of no cause of action, the trial court correctly observed that the petition alleged Willowdale executed the construction contract in August, 1967, before the corporation was chartered in September, and that the petition failed to allege the corporation subsequently accepted or ratified the contract executed by its incorporators. With this deficiency the petition failed to state a cause of action against Willowdale Nursing Home, Inc.; however, since the deficiency was one that could be corrected by amendment, the trial court properly allowed a delay for amendment. Neyrey chose instead to appeal, since there were other issues involved in the judgment. We now affirm that part of the judgment maintaining the exception of no cause of action ,and allowing 15 days within which to amend the petition, but for purposes of clarity, we specify that the *446 15-day period commences when this judgment becomes final.
As to the exception of prescription, Neyrey first argues that the exception was filed after the default judgment was orally rendered and therefore was not pleaded prior to submission of the cáse for decision, as required by C.C.P. art. 928. We disagree. At the hearing on the default confirmation, the trial judge did not take the case under advisement, but rather continued the matter as an open case. Under these circumstances the exceptions were timely filed and properly considered.
Neyrey further contends that the trial judge erred in maintaining the exception of prescription, when there was no ev-identiary hearing to allow either party to present evidence as to the merits of the exception. We agree. The fact that the note on its face was over five years old when the claim was judicially asserted is not conclusive that the note has prescribed. Later notations on the agreement to purchase possibly indicate acknowledgment. In any event evidence is necessary for determination of the exception.
Accordingly, the portion of the judgment of the trial court maintaining the exception of no cause of action and allowing 15 days within which to amend the petition is affirmed. The portion of the judgment maintaining the exception of prescription is set aside, and the case is remanded for an evidentiary hearing on the exception of prescription. On remand, all parties shall be allowed to introduce evidence on the validity or invalidity of the assignment, and the trial court shall rule on the requested substitution of John R. Neyrey as party plaintiff for John R.t Neyrey Co., Inc. Assessment of costs of this appeal will be made upon final disposition of the case.
Affirmed in part, set aside and remanded in part.

. The minute entry reads :
“Judgments as prayed. Continued as open ease.”

. No responsive pleadings were filed to the unserved petition of intervention filed by Neyrey individually until after the hearing which resulted in the judgment herein appealed.

. Since the transfer was of the entire interest, the court upon due proof would direct that the transferee be substituted. See Comment (b).