340 So.2d 404 (1976)
Percy V. MOORE, Plaintiff-Appellant,
v.
Marie McGinnie MOORE, Defendant-Appellee.
No. 13079.
Court of Appeal of Louisiana, Second Circuit.
December 6, 1976.
Lewis Weinstein, Richard C. Goorley by Lewis Weinstein, Shreveport, for plaintiff-appellant.
Love, Rigby, Dehan & Love by Samuel P. Love, Jr., Shreveport, for defendant-appellee.
Before PRICE, HALL and JONES, JJ.
HALL, Judge.
Appellant, Percy V. Moore, seeks to annul a divorce, child custody and child support judgment rendered in favor of appellee, Marie McGinnie Moore, on October 30, 1974. In the proceeding leading to the judgment he seeks to annul, appellant was served with process through an attorney at law appointed to represent him. The grounds for nullity alleged are that (1) he was not served with process in accordance with law in that an attorney should not have been appointed because appellant could have been served at his home or place of employment or through his attorney of record; and (2) the judgment was obtained by appellee's fraud and ill practices in not making a diligent effort to effect personal or domiciliary service on him in that proceeding. From a judgment rejecting his demands, appellant appealed. For reasons assigned in this opinion, we affirm the judgment of the district court.
On May 16, 1973, judgment was rendered granting appellee a separation from appellant, awarding her custody of the minor children, and ordering appellant to pay $80 per month child support. Appellant was represented by an attorney in those proceedings.
Three months later appellee filed a rule to increase child support and to make unpaid child support executory. Service instructions gave appellant's correct home address and place of employment. The citation issued was returned by the sheriff marked "unable to locate." No further action was taken on the rule.
On June 13, 1974, appellee filed a petition for final divorce, permanent custody of the children, $150 per month child support, and to have past due support declared executory. Service instructions again gave appellant's correct home address and also his *405 correct place of employment, suggesting service at home after 4:00 p.m. and at the place of employment at 4:00 p.m. On July 5, 1974, 22 days after citation was issued, it was returned marked "After due and diligent search, I fail to find the within named, because unable to locate . . ." by the deputy sheriff. The record contains another citation addressed to appellant c/o Gould Battery (his place of employment), marked received by the sheriff's department on August 22, but on which there is no return.
On September 10, 1974, appellee filed a supplemental petition alleging the sheriff's department was unable to serve appellant, the appellant resided at a certain address in Shreveport but would not come to the door when deputies attempted to serve him, the appellant worked at Gould Battery but the corporation prohibited service there, that appellant was an absentee and an attorney at law should be appointed to represent him. An order was signed by the court appointing an attorney and the attorney was served with process on September 11, 1974.
The matter came up for trial on October 30, 1974. The court was advised by appellee's attorney of unsuccessful efforts to serve defendant. Appellee testified she reached appellant at home by telephone shortly after deputies left his house, indicating he would not come to the door when they attempted service. The appointed attorney testified he mailed certified letters to appellant's home address and place of employment. The letter addressed to the place of employment was returned with the notation "Refused, October 3, 1974." Neither the letter sent to appellee's home, nor the receipt therefor, had been returned at that time. The court found appellant was evading service and the attorney had been properly appointed. Judgment was rendered granting the final divorce, awarding permanent custody, fixing child support at $150 per month, and making past due child support executory. It is this judgment that appellant seeks to annul.
Appellee subsequently caused appellant's wages to be garnished under a writ of fieri facias issued in execution of the October 30, 1974 judgment, and received payments under the garnishment from November, 1974, to the time of trial of the action to annul.
On February 23, 1976, appellee filed a rule to make unpaid child support payments, due under the October 30, 1974 judgment, executory. In response thereto, appellant filed a "motion to annul" the judgment of October 30, 1974. Trial was held on the motion to annul. Appellant testified he was living at the same address and working at the same place when the divorce suit was filed, was available for service, did not attempt to evade service, and had no knowledge of the divorce proceeding until served with the rule to make unpaid child support executory. The appointed attorney in the divorce proceeding testified the certified letter mailed to appellant's home at that time was returned with notations that notices were left at appellant's home on three occasions, but he refused to call for or claim the letter. A witness testified that on one occasion she saw appellant drive by his home and keep going when a sheriff's car was in his driveway. The court again found that appellant was evading service and could not be served in spite of diligent efforts. Judgment was rendered rejecting appellant's motion to annul.
Appellee made no objection to the procedure followed in hearing and determining appellant's action to annul. No defense that appellant was barred from bringing the action was pled or raised in the trial court or this court. The matter was fully tried and decided on the merits without objection and we, therefore, proceed to review the issue on the merits.
Appointment of an attorney to represent a defendant is governed by LSA-C.C.P. Art. 5091. Article 5091 provides that an attorney shall be appointed to represent "a nonresident or absentee who has not been served with process, either personally or through an agent for service of process, and who has made no general appearance."
LSA-C.C.P. Art. 5251(1) defines "absentee" as follows:

*406 "`Absentee' means a person who is either a nonresident of this state, or a person who is domiciled in but has departed from this state, and who has not appointed an agent for the service of process in this state in the manner directed by law; or a person whose whereabouts are unknown, or who cannot be found and served after a diligent effort, though he may be domiciled or actually present in the state; or a person who may be dead, though the fact of his death is not known, and if dead his heirs are unknown." (Emphasis supplied)
The trial judge appointed the attorney on the basis that appellant could not "be found and served after a diligent effort." The sheriff's return reflected that he was unable to serve appellant after due and diligent search, even after he was given appellant's home address and place of employment. The policy in this state is to accept the statement of the serving officer that service has been made as prima facie evidence of that fact. See LSA-C.C.P. Art. 1292; LSA-R.S. 13:3471. The return of an officer sworn to properly serve process must be given great weight. Martinez v. Silverman, 288 So.2d 88 (La.App. 4th Cir. 1974). This principle should also apply when the officer reports that he was unable to make service after due diligence. The return is necessarily prima facie evidence that a due and diligent effort was made. Appellant, therefore, has the burden of showing that he was indeed available to be served or that a diligent search was not, in fact, made. Leatherman v. Parish of East Baton Rouge, 275 So.2d 806 (La.App. 1st Cir. 1973).
Appellant failed to carry his burden of proof. The fact that his home address and place of employment were known, or that he was successfully served in other suits, does not negate due and diligent, but unsuccessful, efforts to serve him in this particular case. There is evidence supporting the finding of the trial court, made on two occasions, that appellant was attempting to evade service and, therefore, could not be found and served after diligent effort.
First, the sheriff's return of the citation marked unable to locate after due and diligent search is significant. Another corroborating fact is that the sheriff was also unable to locate appellant to serve citation for the rule appellee filed in September, 1973. The return of the appointed attorney's certified letters unclaimed and refused is indicative of an effort on his part to avoid service and notice. Finally, there was testimony that on one occasion about the time service was being attempted, appellant drove by his home, observed the sheriff's car in the driveway, and did not stop. The combination of factors, together with the sheriff's return, was sufficient to justify the trial judge's conclusion that appellant was evading service.
Appellant relies on Wood v. Hyde, 209 So.2d 51 (La.App. 4th Cir. 1968) for the proposition that the unsupported testimony of plaintiff's attorney is insufficient to show that the defendant is an absentee. However, the court in Wood specifically pointed out that the service return was not in the record. The return in the instant case, plus other corroborating evidence, distinguishes it from the facts of Wood. Further, in Wood, the issue was raised on appeal and not in an action to annul.
Appellant argues that service should have been made on his counsel of record in the prior separation proceeding, citing Imperial v. Hardy, 302 So.2d 5 (La.1974). This argument is not well-founded. The fact that service on the prior counsel of record might have also been valid does not make invalid the appointment of an attorney to represent the absentee. The court in that case specifically stated:
"And if the Orleans Parish Court had personal jurisdiction over the defendant, it would also have authority to appoint an attorney to represent the absent defendant under the authority of Article 5091 of the Code of Civil Procedure." (Emphasis supplied)
We affirm the trial court's conclusions that service was properly made through a *407 court appointed attorney and that there was no fraud or ill practice in connection with the October 30, 1974 judgment.
For the reasons assigned, the judgment of the district court is affirmed at appellant's costs.
Affirmed.