WATSON, Judge.
Manson Morello, who did not appear as a party in the proceedings in the trial court, has appealed the default judgment in this case which quieted the tax title and recognized plaintiff, Mrs. Curtis Leger (Shirley Wilson Leger), as the sole owner of property described as follows:
1 Lot 3.831 acres lot # 2, in Section 25, T-7-S, R-3-E
*1308 The plaintiff opposes the appeal and has filed a peremptory exception of no cause and no right of action in this court. Defendant, Andrew Begnaud, was not served and did not make an appearance in the trial court except through a curator ad hoc, and has made no appearance in this court.
The issues are as follows:
(1) does Manson Morello have the right to appeal?
(2) if so, is the judgment rendered by the trial court defective, and should the judgment be reversed and the proceeding remanded?
The facts are not complicated. Mrs. Leger filed a petition in the trial court alleging: that she is the sole and only owner of the property described above; that she was the successful bidder on the property at a tax sale conducted by the sheriff of St. Landry Parish on June 10, 1970; that the sheriff executed a tax deed to her; that more than five years have elapsed since the date of the registry of the tax title and she is now entitled to be confirmed and quieted in her ownership of the property in accordance with LSA-R.S. 47:2228 and related statutes.
The tax deed by which Mrs. Leger claims to have acquired the property was not introduced into evidence at any time nor was a certified copy attached to her petition. The record does not reflect an attempt to make service of process on Andrew Beg-naud, the person to whom the property was allegedly assessed at the time of the tax sale.
There appears in the record a motion and order to appoint a curator ad hoc to represent Andrew Begnaud and the curator ad hoc accepted service, waived citation but reserved all other rights. The curator ad hoe prepared and filed a written answer on behalf of Begnaud, denying the allegations of plaintiff’s petition on information and belief.
A transcript of the proceedings which took place on January 11, 1977 is contained in the record. Present were the attorney for plaintiff and the curator ad hoc. The plaintiff testified to the various allegations of her petition. (TR. 2-4) The curator ad hoc also gave testimony. He verified that he had been appointed to represent Beg-naud; that he did not find a double assessment; and that, according to his information, Mr. Begnaud “ . . . was still the current owner . . . ” of the property. (TR. 5) No tax deed was introduced in the proceedings nor was any evidence presented concerning service on Begnaud or the fact that he was an absentee.
On the date reflected in the transcript of the court proceedings, a judgment was signed by the trial court confirming Mrs. Leger as owner and quieting title in her name.
As to the first issue, whether Morel-lo can appeal, the provisions of LSA-C.C.P. art. 2086 are controlling. It reads as follows:
“A person who could have intervened in the trial court may appeal, whether or not any other appeal has been taken.”
In his petition for appeal, Morello affirmatively asserted that he is the owner of the property forming the basis of the suit and that he would have had the right to intervene in the trial court. The law exacts no additional requirement and we conclude that Morello has the right to appeal. Lamp v. Willowdale Nursing Home, Inc., 296 So.2d 442 (La.App. 4 Cir. 1974).
The next issue is whether there are vices in the proceedings and deficiencies in the evidence, requiring the reversal of the judgment by the trial court. It is elementary that one seeking to prove his title acquired in a tax sale must not only allege but also prove up his tax deed. Cf. Xeter Realty v. Samorini, 135 La. 976, 66 So. 318 (1914). The plaintiff did not do so in these proceedings. It is also elementary that, before a curator ad hoc can be appointed to represent an absentee, there must be a *1309 showing that the defendant is in fact an absentee, usually by demonstrating that service was attempted but failed. Wood v. Hyde, 209 So.2d 51 (La.App. 4 Cir. 1968) There is no such showing in these proceedings. Therefore, on at least two different grounds, the judgment of January 11, 1977, is invalid and must be set aside. For the reasons assigned, the judgment of January 11, 1977 of the Twenty-Seventh Judicial District Court recognizing Mrs. Curtis Leger (Shirley Wilson Leger) as owner of the following described property:
1 Lot 3.831 acres lot # 2, in Section 25, T-7-S, R-3-E
is reversed and set aside, and this cause is remanded for further proceedings. The peremptory exception of no right and no cause of action filed in the court by plaintiff-appellee and relating to the petition for appeal is overruled.
Costs of the appeal are taxed against the plaintiff-appellee.
REVERSED AND REMANDED.