BOUTALL, Judge.
This is an appeal from the denial of a petition to annul a money judgment. We affirm.
The case arises from a suit of Douglas J. Branch and Delta Safety Systems, Inc. against Night Wind, Inc., Hamid E. Bojel-vandi and Forrest A. Bundy on a claim for payment of $6,103.09, representing a lien on a vessel, Night Wind. Branch purchased the boat on February 2, 1982 from the three defendants, having been assured that there was no encumbrance on the vessel other than the ship’s mortgage, but in fact Delta Safety Systems had recorded a lien for repairs on August 6, 1981. Branch paid Delta $4,000 for cancellation of the lien, both parties reserving their rights against the three defendants. Only defendant Forrest A. Bundy is before the court in this appeal
On September 23, 1982, Branch and Delta filed suit. Citations were issued for service on that date and returned unserved upon Bundy, Bojelvandi, and the corporation. On December 14, 1982 an attorney was appointed curator ad hoc to represent *821 the defendants. The curator advertised for information as to their whereabouts and sent certified letters to their last known addresses. The letter to Bundy was returned unclaimed. The curator then filed an answer, the matter was heard on April 4, 1983, and judgment was rendered in favor of Branch for $4,000 plus interest and of Delta for $2,103.09 plus attorney’s fees and interest, and costs. On December 5, 1983, Bundy sued to nullify the judgment. On November 14, 1984, the judge denied Bundy’s petition to annul and this appeal followed.
Although the appellant raises four issues, the essential question before this court is whether the trial court had sufficient grounds for declaring him an absentee and appointing a curator to represent him.
La.C.C.P. art. 5091 provides for the appointment of an attorney to represent an absentee defendant who has not been served personally or through an agent for service of process. The article provides also that:
“The improper designation of the attorney appointed by the court to represent such a defendant as curator ad hoc, tutor ad hoc, special tutor, or any other title, does not affect the validity of the proceeding.”
An absentee is defined by La.C.C.P. art. 5251(1) as follows:
“ ‘Absentee’ means a person who is either a nonresident of this state, or a person who is domiciled in but has departed from this state, and who has not appointed an agent for the service of process in this state in the manner directed by law; or a person whose whereabouts are unknown, or who cannot be found and served after a diligent effort, though he may be domiciled or actually present in the state; or a person who may be dead, though the fact of this death is not known, and if dead his heirs are unknown.” [Emphasis supplied.]
A succinct summary of the jurisprudence regarding whether a service officer has made a diligent effort or search is found in Moore v. Moore, 340 So.2d 404 (La.App. 2nd Cir.1976), at 406:
“... The policy in this state is to accept the statement of the serving officer that service has been made as prima facie evidence of that fact. See LSA-C.C.P. Art. 1292; LSA-R.S. 13:3471. The return of an officer sworn to properly serve process must be given great weight. Martinez v. Silverman, 288 So.2d 88 (La.App. 4th Cir.1974). This principle should also apply when the officer reports that he was unable to make service after due diligence. The return is necessarily prima facie evidence that a due and diligent effort was made. Appellant, therefore, has the burden of showing that he was indeed available to be served or that a diligent search was not, in fact, made. Leatherman v. Parish of East Baton Rouge, 275 So.2d 806 (La.App. 1st Cir.1973).”
The appellant argues that he was not an absentee, as defined in article 5251. He cites the case of Peschier v. Peschier, 419 So.2d 923 (La.1982) for the principle that a temporary absence from the state alone is insufficient grounds for declaring a domiciliary an absentee. Accordingly, a domiciliary who is within the state but temporarily absent from his residence, as was Bundy, is not an absentee. He alleges that the deputy, who had served Bundy in the past, knew his whereabouts but simply did not find him. In addition, the appellees’ attorney knew that attorney Edward S. Bopp represented Bundy at the sale of the boat and should have told the deputy to serve the petition on him.
The latter argument has no merit, as there is nothing in the record to indicate that attorney Bopp had continued to represent Bundy, and would accept service for him. Further, in Moore v. Moore, supra, the appellant made the same argument, but the court held that the appointment of a curator was not made invalid by the fact that service on the prior counsel of record might also have been valid.
*822 As to the argument that the deputy-failed to make a diligent search, the trial judge stated in his reasons for judgment that he was impressed by the deputy’s testimony and was convinced that he was astute, proficient, and thorough in carrying out his duties in the fishing community and that he had made five or six attempts to serve the defendant. The deputy, Emile Gautreaux, Sr., testified that he had worked in the Barataria-Lafitte area for some time and was thoroughly familiar with the area. He knew that Bundy lived on Bundy Street in Lafitte and was aware of the dock behind the house, from which he conducted his business of buying and selling seafood. The testimony of Bundy and his son Kenneth, who lived in the Bun-dy home with his family, indicated that Bundy was away delivering seafood during most of the day and that frequently he spent one or two nights with his son Ricky who lived in Marrero. Kenneth fished regularly from his trawl boat for eighteen to twenty days at a time, then stayed home a few days, and then went out again. His wife often stayed with her mother while he was away, and the Bundy house was thus empty for several days at a time. The appellees do not allege that Bundy was trying to evade the process server, and the deputy testified that he was of the same opinion. He was simply unable to find him after five or six attempts.
By including in the definition of “absentee” a person “who cannot be found and served after a diligent effort,” the law permits appointment of a curator to represent a defendant, regardless of his actual whereabouts, as long as there has been a substantial attempt to serve him. We agree with the trial judge’s finding that such an effort has been made and hold that the judgment below is correct.
Accordingly, for the reasons stated above, the judgment appealed from is affirmed.
AFFIRMED.