STOKER, Judge.
This is an eviction case. Plaintiff leased to defendant 146 acres of land in September 1986. The land is located near Lewis-burg, Louisiana. The lease agreement was oral, on a month-to-month basis, for $220 per month. Defendant never paid any rent and subleased the property to a third party, who paid $1,000 to defendant. Plaintiff gave defendant notice to vacate in December 1986 on the basis of an unauthorized *814 sublease, failure to pay rent and unauthorized cattle grazing. Defendant did not vacate the premises and judicial proceedings were instituted in May 1987.
Pursuant to a hearing on a Rule to Show Cause the trial court granted an order of eviction on May 29, 1987. This judgment was subsequently vacated for lack of service of process on defendant. The sheriffs department had attempted several times to serve defendant, but failed. The court then appointed a special process server, pursuant to LSA-C.C.P. art. 1293. The special process server also attempted to serve defendant but failed to do so. Finally, an attorney was appointed to represent defendant pursuant to LSA-C.C.P. art. 5091. This curator ad hoc accepted service of process on behalf of defendant.
Defendant’s appointed attorney notified defendant of the proceedings. However, defendant informed her attorney that she did not need or want him to represent her. The attorney then filed a motion to withdraw as counsel which was granted.
The hearing of the Rule to Show Cause was refixed and heard on July 10, 1987. Defendant failed to appear and the court rendered judgment in favor of plaintiff. Defendant has appealed devolutively from that eviction order, contending that the judgment is null for failure to make proper service of process.
ARTICLE 5091
Defendant argues that the judgment is null because the Rule to Show Cause was served on the attorney appointed to represent defendant pursuant to LSA-C.C.P. art. 5091 although defendant was neither a nonresident nor an absentee.
LSA-C.C.P. art. 5091 provides for appointment of a curator ad hoc to represent an absentee defendant. The court in Peschier v. Peschier, 419 So.2d 923 at 926 (La.1982), analyzed the term “absentee” in Article 5091 as follows:
“The validity of the appointment of the curator ad hoc necessarily depends on whether Leota Peschier was an “absentee,” which is defined by La.C.C.P. art. 5251(1) as follows:
“Absentee” means a person who is either a nonresident of this state, or a person who is domiciled in but has departed from this state, and who has not appointed an agent for the service of process in this state in the manner directed by law; or a person whose whereabouts are unknown, or who cannot be found and served after a diligent effort, though he may be domiciled or actually present in the state; or a person who may be dead, though the fact of his death is not known, and if dead his heirs are unknown.
Absenteeism requires more than a temporary absence from the state, Spence v. Spence, 158 La. 961,105 So. 28 (1925). Our courts have consistently held that a defendant domiciled in Louisiana qualifies as an absentee only if his whereabouts are unknown to the opposing party and could not have been discovered after a diligent search. Bryant v. Austin, 36 La.Ann. 808 (1884); Leatherman v. Parish of East Baton Rouge, 275 So.2d 806 (La.App. 1st Cir.1973); Leidig v. Leidig, 187 So.2d 201 (La.App. 3d Cir.1966).”
We find that defendant was an absentee, although domiciled in Louisiana. Her precise whereabouts were unknown to plaintiff. Defendant’s mailing address was merely “General Delivery, Lawtell, Louisiana.” The trial court found that several diligent efforts had been made to locate and serve defendant by both the sheriff’s department and the special process server. Therefore, a curator ad hoc was properly appointed'to represent defendant and upon whom service of process could be made. See Branch v. Night Wind, Inc., 477 So.2d 820 (La.App. 5th Cir.1985), writ denied, 481 So.2d 1332 (La.1986).
For the foregoing reasons, the judgment of the trial court is affirmed. Costs of this appeal are assessed to defendant.
AFFIRMED.