Judgment rendered December 18, 2024.
Application for rehearing may be filed
within the delay allowed by Art. 2166,
La. C.C.P.

No. 56,023-CA

COURT OF APPEAL
SECOND CIRCUIT
STATE OF LOUISIANA

* * * * *

HOPE L. BONIELLO                                    Plaintiff-Appellee

versus

LINDA RICHARDSON                                    Defendant-Appellant

* * * * *

Appealed from the
Twenty-Sixth Judicial District Court for the
Parish of Bossier, Louisiana
Trial Court No. 169,191

Honorable Michael Nerren, Judge

* * * * *

PETTIETTE, ARMAND, DUNKELMAN,          Counsel for Appellant
WOODLEY & CROMWELL, LLP
By: Marshall L. Perkins

RONALD J. MICIOTTO, LLC                 Counsel for Appellee
By: Ronald J. Miciotto

DAVID GUY MOORE

* * * * *

Before STONE, ROBINSON, and MARCOTTE, JJ.

**STONE, J.**

This civil appeal arises from the Twenty-Sixth Judicial District Court, the Honorable Michael Nerren presiding. The plaintiff, Hope Boniello, is the paternal niece of the defendant, Linda Richardson. The plaintiff filed a suit for damages demanding return of $300,810 – transferred from May 2019 to December 2021 – that was held "in trust" by the defendant. However, the plaintiff later asserted that this was a "contract of deposit," apparently because the formalities of trust formation were unsatisfied as there was no written agreement whatsoever concerning the purpose of the transfers or otherwise. After a bench trial, the trial court adopted the plaintiff's contract of deposit argument, and awarded judgment of approximately $276,000, representing the portion of the money the defendant had not already returned.

The defendant appeals, urging four assignments of error: (1) the trial court committed manifest error in finding a contract of deposit; (2) the trial court erred in appointing a curator ad hoc to represent her despite having her correct address and despite the plaintiff's failure to demonstrate diligent effort to locate the defendant; (3) the defendant was not given advance notice of the trial date; and (4) new trial should have been granted.

## FACTS AND PROCEDURAL HISTORY

The plaintiff filed suit but did not request service on the defendant. Instead, the plaintiff requested the appointment of a curator ad hoc pursuant to La. C.C.P. art. 5091, alleging that the defendant was an "absent person." The trial court granted this request. In February 2023, the curator mailed the petition and citation to the defendant at the address provided by the plaintiff as the defendant's last known address, and in response, the defendant filed a

"dispute letter" which was treated as an answer.[1] On April 3, 2023, the trial court signed an order setting trial for July 13, 2023, with service thereof requested only on the curator. The curator's report is silent as to whether he mailed a copy to the defendant (but does allege and attach documentary evidence that the petition was twice mailed to the defendant's address). In June 2023, the curator mailed another copy of the petition to the defendant at her Bossier address, and she again filed an answer.

The plaintiff filed an MSJ on July 5, 2023. The rule to show cause setting it for hearing was served on the defendant via domiciliary service at her residence by leaving the documents with her 19-year-old grandson on July 10, 2023. This was the first time the plaintiff requested service on the defendant (as opposed to the curator). Three days later, on July 13, the defendant appeared pursuant to the rule to show cause, but the plaintiff withdrew the MSJ and moved to proceed with trial. The defendant requested a continuance, which the trial court denied, and then proceeded with trial.

The plaintiff testified that she agreed to transfer the money to the defendant to prevent the plaintiff from spending it; this money was earmarked for retirement savings. The plaintiff introduced into evidence text messages whereby the defendant agreed to return the money (as well as numerous teller's checks and money orders that were deposited into the defendant's account). The plaintiff also provided the defendant with a routing number for the return of the money. On cross-examination, the plaintiff admitted that she had wanted to fund refurbishing of the family

---

[1] This process was repeated in June 2023.

2

home in South Carolina, but she maintained that she did not authorize the defendant to spend any money for that purpose, and furthermore, never *expressed* a desire to pay for renovation of the home there.

The defendant testified that the plaintiff had been sending her money for around two decades as gifts, but in 2022 they had a "falling out" relating to the plaintiff's decision to get married in 2022 and the defendant's refusal to attend the wedding. The plaintiff demanded the return of the monies sent between May of 2019 and December of 2021, totaling $308,810. The defendant returned $7,300 to the plaintiff but not the remainder. The defendant further testified that the money was given to pay the defendant's living expenses and to renovate a South Carolina home that the defendant allegedly co-owned with the plaintiff's father (the defendant's brother); the defendant estimated she spent approximately $130,000 on renovations there. She also estimated she spent $40,000 on living expenses and had a large sum of cash in her home. On cross-examination, the plaintiff's counsel asked the defendant whether she reported the money on her income tax return. The defendant admitted she did not, and when asked why, she stated that it was because "it was [the plaintiff's] money." The trial court concluded that this exchange negated the defendant's claim that the transfers were made with donative intent, and instead, proved it was a contract of deposit.

## LAW

In salient part, Section 1 of the Fourteenth Amendment to the United States Constitution provides:

> No State…shall…deprive any person of life, liberty, or property, without due process of law.

Likewise, Article 1, Section 2 of the Louisiana Constitution states:

3

No person shall be deprived of life, liberty, or property, except by due process of law.

**Appointment of curator**

In relevant part, La. C.C.P. art. 1201 provides:

A. Citation and service thereof are essential in all civil actions... *Without them all proceedings are absolutely null.* B. The defendant may expressly waive citation and service thereof by any written waiver made part of the record. …

(Emphasis added.)

La. C.C.P. art. 5091(A)(1)(a) authorizes service of an "absentee" defendant via a curator ad hoc if the "absentee…has not been served with process, either personally or through an agent for the service of process, *and*…has not waived objection to jurisdiction."

In relevant part, La. C.C.P. art. 5251(1) defines "absentee" as including: (1) "a person who is domiciled in but has departed from this state, and who has not appointed an agent for the service of process in this state in the manner directed by law;" and (2) "a person whose whereabouts are unknown, or who cannot be found and served after a diligent effort, though he may be domiciled or actually present in the state."

In *Peschier v. Peschier*, 419 So. 2d 923, 926 (La. 1982), the Louisiana Supreme Court stated:

[A party], who is not [in fact] an absentee, cannot be cited…through a curator ad hoc, *and a judgment rendered contradictorily with a curator under such circumstances is void.* (Emphasis added.)

"It is…elementary that, *before a curator ad hoc can be appointed to represent an absentee, there must be a showing that the defendant is in fact an absentee*, usually by demonstrating that service was attempted but failed." *Leger v. Begnaud*, 350 So. 2d 1307 (La. App. 3 Cir. 1977).

4

(Emphasis added). "Our courts have consistently held that a defendant domiciled in Louisiana qualifies as an absentee only if his whereabouts are unknown to the opposing party and could not have been discovered after a diligent search." *Peschier*, *supra*.

In *Wood v. Hyde*, 209 So. 2d 51, 53 (La. App. 4 Cir. 1968), because there was no sheriff's return reflecting attempted service in the record, the court rejected the plaintiff's claim to have made diligent efforts to find the defendant. The court held that the plaintiff attorney's mere hearsay statement that the constable attempted but failed to serve the defendant (because the defendant hid when the constable tried to serve him) was insufficient to establish that the defendant was an absentee under the "whereabouts unknown" clause of La. C.C.P. art. 5251. Based on that finding the *Hyde* court decreed:

> [S]ince the court was without authority to appoint an attorney ad hoc, the judgment emanating therefrom is a nullity in view of the fact that the court lacked jurisdiction in personam because, to repeat, there was no service of citation on either the defendant or upon a duly appointed agent, and consequently, the defendant was not the recipient of due process of law.

*Id*.

**Service of order setting trial**

In accordance with state and federal due process requirements, La. C.C.P. art. 1571(A)(1)(a) provides that "[t]he district courts shall …[r]equire adequate notice of trial to all parties."[2]

---

[2] La. C.C.P. art. 1571(B) requires an unrepresented party to provide the court with his current address, and provides that "[t]he failure of a party to provide such information does not affect the validity of any judgment rendered *if notice of trial or other matters was sent to the party's last known address of record*." (Emphasis added). The courts have deduced a negative inference from the emphasized language: if notice was not sent to a party's last known address of record, that is grounds for vacating a judgment involving that party. *Osbourne*, *infra*.

*Hicks v. Schouest*, 381 So. 2d 977, 978 (La. App. 4 Cir. 1980),

reversed a judgment rendered "against a defendant who had made a general

appearance in the case, but who was absent from the trial because neither he

nor his attorney received a notice of trial." The court stated:

> Adequate notice is one of the most elementary
> requirements of procedural due process. In the instant
> appeal, there is nothing contained in the record to show
> that a notice of trial was ever mailed…[F]undamental
> fairness and the right of access to courts require that the
> judgment be vacated and the case be remanded for a new
> trial.

*Id.*

In *Osborne v. McKenzie*, 42,359 (La. App. 2 Cir. 8/15/07), 962 So. 2d

501, 505, this court reversed a judgment rendered against an unrepresented

defendant for lack of proof in the record of notice of trial, stating:

> The due process principle of notice of trial to the
> unrepresented litigant, now expressed in La. C.C.P. art.
> 1571(B), has been enforced in the jurisprudence. The
> courts have treated judgments rendered with a lack of
> notice of trial as nullities under La. C.C.P. art.2004, and
> such nullity may be noticed on direct appeal of the
> judgment without the need for a separate action of nullity.
> (Internal citations omitted.)

*Jones v. U.S. Fid.*, 596 So. 2d 834, 836 (La. App. 4 Cir. 1992),

elaborates on the trial court's duty to provide notice of the trial date:

> When a trial date is scheduled by the court, and written
> notice is given to the attorney of record and thereafter the
> attorney of record petitions the court for permission to
> withdraw as the attorney of record, *it is the responsibility
> of the trial court to ensure that the client/litigant receives
> the notice of the pending trial in writing.* The court can
> satisfy the notice of trial requirement by reissuing the
> notice of trial to the unrepresented litigant directly, if the
> address is known, or if unknown, a curator may be
> appointed to represent the unrepresented defendant or
> absent defendant, *or the court must receive reasonable
> proof that the withdrawing attorney* [or curator] *has
> notified the client in writing of the trial date.* This can be
> accomplished by attaching to the motion to withdraw, a

certified letter to the client or other evidence indicating the client has received unequivocal written notice of trial.

Therefore, Ms. Jones was entitled to written notice of trial when her attorney was allowed to withdraw. The record demonstrates that she did not have notice of trial, which does not meet procedural due process or fundamental fairness. (Emphasis added.)

**Analysis**

Based on the foregoing authorities, we hold that the defendant's due process right to notice of trial was violated. The trial court's appointment of the curator ad hoc was improper because the defendant was not an absentee and the court did not require the plaintiff to attempt any evidentiary showing that the defendant was in fact an absentee. *Peschier*, *supra*; *Leger*, *supra*; *Wood*, *supra.* As a result, the defendant was never served with the order setting the case for trial; nor did the curator notify her of the fixing of the trial date; nor was the defendant otherwise notified of the trial date.

The only reason the defendant appeared in court on the day of trial is that, three days beforehand, she was served with a rule fixing the hearing on plaintiff's MSJ for the same date as the trial. The defendant asked for a continuance in open court when the trial court notified her that, instead of holding a hearing on the MSJ, the court would hold a bench trial. The trial court improperly denied that request; likewise, the trial court improperly denied the defendant's subsequent motion for new trial.

The plaintiff argues that, by filing an answer (actually two), the defendant waived her objection to the invalidity of service of process, and that the judgment herein appealed did not "emanate from" any deficiency of service of the initial petition that may have occurred. The plaintiff points out that the defendant knew about the case for six to seven months before

7

trial, consulted with an attorney (but declined to *hire* an attorney) regarding the case, and was present at trial. The plaintiff further argues that the defendant failed to challenge the validity of the curator appointment in the trial court and thus waived the issue. Finally, the plaintiff admits that she knew the defendant resided in Bossier, but claims she had reason to believe the defendant was absent because she "regularly" travels to South Carolina.

These arguments are beside the point. There is zero evidence in the record to show that the defendant was ever notified of the trial date until she appeared in the courtroom pursuant to a notice of the MSJ hearing. The three days' notice of the MSJ hearing neither sufficed as notice of trial nor as notice of the MSJ hearing.[3] This requires that the judgment be vacated regardless of whether the plaintiff's assertions are true.

## CONCLUSION

The judgment of the trial court is **REVERSED and VACATED** and this matter is **REMANDED** for further proceedings not inconsistent with this opinion. All costs of this appeal are taxed to the plaintiff.

---

[3] La. C.C.P. art. 966(C)(1)(a).